The STATE of Ohio, Appellant,

v.

GOWDY, Appellee.

[Cite as *State v. Gowdy* (1994), 95 Ohio App.3d 628.]

Court of Appeals of Ohio,
Montgomery County.

No. 14607.

Decided Aug. 31, 1994.

*Carley Jean Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellant.

*Richard Hempfling,* for appellee.

*Per Curiam.*

This matter is before the court upon defendant-appellee Ray C. Gowdy's motion to reconsider and motion to dismiss this appeal. Gowdy contends that this appeal should be dismissed because it is a discretionary appeal pursuant to R.C. 2945.67(A), and the state did not move for leave to appeal within thirty days of the judgment from which this appeal is taken.

The state contends that the following sentence in App.R. 3(A) is dispositive:

"Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."

However, that sentence is followed by the following sentence:

"Appeals by leave of court shall be taken in the manner prescribed by Rule 5."

This is an appeal by leave of court. App.R. 5(A) includes the following provision:

"When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. * * * Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the

motion, may file affidavits, parts of the record, and briefs or memorandum of law to refute the claims of the movant."

In view of the nonapplicability of App.R. 3, and the above-quoted provision in App.R. 5(A), we conclude that there is a significant possibility that the Supreme Court of Ohio would ultimately construe these rules to provide that the filing of a motion for leave to appeal by the state in a criminal case is jurisdictional, and the failure to take that action within thirty days is fatal.

We also note that we continue to have discretion whether to entertain an appeal in this case. Finally, we note that the issue raised in this case has been raised in five other cases in which motions for leave to appeal have been timely filed.[1]

In view of the jurisdictional cloud upon this case, and the fact that the issues that the state wishes to raise can be considered in one or more of the five other cases in which a timely motion for leave to appeal has been filed, we elect to exercise our discretion to decline to entertain an appeal in this case.

Gowdy's motion to reconsider our decision to entertain this appeal and to dismiss the appeal is hereby GRANTED. This appeal is hereby DISMISSED.

*Appeal dismissed.*

FAIN and FREDERICK N. YOUNG, JJ., concur.

---

1. These five cases are: *State v. DeVoise*, Montgomery App. No. 14701; *State v. Fields*, Montgomery App. No. 14702; *State v. Ware*, Montgomery App. No. 14703; *State v. Arnold*, Montgomery App. No. 14704; and *State v. Jones*, Montgomery App. No. 14705.