The STATE of Ohio, Appellee,

v.

RICCIARDI, Appellant.

[Cite as *State v. Ricciardi* (1999), 135 Ohio App.3d 155.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 98 C.A. 184.

Decided Oct. 8, 1999.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Jan O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Maureen A. Sweeney,* for appellant.

*Per Curiam.*

Defendant-appellant, Thomas Ricciardi, appeals the decision of the Mahoning County Court of Common Pleas overruling his motion to suppress evidence. At issue in this case is whether the trial court's ruling is a final order subject to immediate review under newly amended R.C. 2505.02.

On May 22, 1998, appellant was indicted on one count of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and one count of operating a motor vehicle with a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath, in violation of R.C. 4511.19(A)(3). Both counts were elevated to fourth degree felonies because of appellant's three prior convictions of R.C. 4511.19(A) or (B) within the preceding six years of the instant offense.

On August 11, 1998, appellant filed a motion to suppress or in the alternative a motion *in Limine,* seeking to suppress the breathalyzer test results on the grounds that the test had not been conducted pursuant to agency regulations, that the test used had not been specific for ethyl alcohol, and that radio frequency interference had caused an overestimation of alcohol content. Following a hearing on September 21, 1998, the trial court overruled appellant's motion. Thereafter, the trial court set the matter for trial, overruling appellant's motion for a continuance and expressing its opinion that appellant had no legal right to appeal the trial court's decision on the motion to suppress until after a final judgment on the merits had been rendered.

On October 2, 1998, appellant filed a notice of appeal and a motion to stay the trial court's proceedings. By journal entry dated October 5, 1998, this court stated that appellant's notice of appeal operated to divest the trial court of jurisdiction to conduct further proceedings, and granted appellant and plaintiff-appellee, the state of Ohio, thirty days to submit jurisdictional memoranda on the issue of whether the trial court's order was immediately reviewable.

Appellant argues that the trial court's order denied appellant a provisional remedy and that appellant would not be afforded a meaningful remedy following final judgment since upon conviction he would be required to serve a mandatory prison term of no less than sixty days. According to appellant, said prison term would unconstitutionally deprive him of his freedom.

We begin our discussion by noting that historically the overruling of a motion to suppress evidence in a criminal case was not a final order subject to immediate review. See, for example, *State v. Crawley* (1994), 96 Ohio App.3d 149, 155, 644 N.E.2d 724, 728; *State v. Wetzel* (1963), 118 Ohio App. 368, 194 N.E.2d 911; *State v. Hinson* (Sept. 8, 1994), Cuyahoga App. No. 66259, unreported, 1994 WL 496658; *Cleveland v. Iacampo* (Dec. 27, 1990), Cuyahoga App. No. 57796, unreported, 1990 WL 212117; *State v. Lee* (Dec. 21, 1990), Lake App. No. 89–L–14–164, unreported, 1990 WL 212635. Appellant concedes in his notice of appeal and supporting memoranda that if a different result is to obtain herein it must be on account of the new language in R.C. 2505.02 allowing for the review of orders denying provisional remedies, subject to certain criteria.

R.C. 2505.02 as amended, effective July 22, 1998, states as follows:

"(A) As used in this section:

"(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

"(2) 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

"(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence.

"(B) an order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

"(5) An order that determines that an action may or may not be maintained as a class action.

"(C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.

"(D) This section applies to and governs any action, including an appeal, that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state."

Under the amended statute there are now five types of orders that may be reviewed. The orders outlined in R.C. 2505.02(B)(1) through (3) were included within the language of the prior version of the statute whereunder, as we have already noted, the overruling of a motion to suppress was not considered a final order. Therefore, our inquiry must focus on whether the new category of order defined in R.C. 2505.02(B)(4) provides appellant with the means to an immediate appeal.[1]

The definition of a provisional remedy is provided in R.C. 2505.02(A)(3) and clearly includes a proceeding for the suppression of evidence. However, in order to constitute a final order, the provisional remedy must satisfy the criteria set forth in R.C. 2505.02(B)(4)(a) and (b).

The first of these, (4)(a), requires the trial court's order to effectively determine the action relative to the provisional remedy, and to prevent a final judgment in favor of appellant. Although arguably the evidence sought to be suppressed may ultimately be precluded at trial on other grounds, we believe the trial court's decision nonetheless meets the criteria stated in R.C. 2505.02(B)(4)(a).

However, for an order to be immediately reviewable, R.C. 2505.02(4)(b) requires that an appealing party be deprived of a meaningful or effective remedy by an appeal following final judgment. Appellant argues that he will be denied a

---

1. R.C. 2505.02(B)(5) pertaining to class actions is clearly inapplicable to the instant case.

meaningful or effective remedy on appeal since he would be "imprisoned for a crime he did not commit."

Of course, appellant's argument assumes that appellant would not prevail at trial, and that appellant would be equally unsuccessful in seeking a stay of execution pending appeal. While this court is disinclined to take so pessimistic a view of our criminal justice system, even assuming the aforementioned eventualities were to occur, the fact that appellant would have served time in prison prior to successfully procuring a reversal of his conviction does not amount to the denial of a meaningful or effective remedy.

In the first instance, incarceration is not the only consequence of a felony conviction. The consequences are much further reaching. R.C. 2961.01 provides:

"A person convicted of a felony under the laws of this or any other state or the United States, *unless the conviction is reversed or annulled,* is incompetent to be an elector or juror or to hold an office of honor, trust, or profit." (Emphasis added.)

In addition, a felony conviction carries a stigma that may hinder an individual in various aspects of life, including efforts to obtain gainful employment. While appellant's remedy on appeal, *viz.,* reversal of the conviction, may not be perfect, in lieu of the above it cannot be said that the remedy lacks meaning or is ineffective.

In addition, appellant offers no authority, nor are we independently aware of any, that would support appellant's claim that a criminal defendant may not be incarcerated prior to the exhaustion of all appellate relief. Although time spent incarcerated pending an appeal may indeed reduce the effectiveness of appellant's remedy, it does not strip the remedy of all meaning, nor does it render it totally ineffective. Therefore, we are unpersuaded by appellant's argument that the incarceration of a criminal defendant following conviction, but prior to appellate review, is a due process violation of constitutional magnitude.

In reaching our decision we are mindful that the Eleventh District Court of Appeals has recently decided this issue and concluded that the denial of a motion to suppress is not a final appealable order in a criminal case that is not terminated by way of trial or a plea. *State v. Jones* (Jan. 29, 1999), Portage App. No. 98–P–0116, unreported, 1999 WL 33100648. In reaching its decision, the court stated as follows:

"Appellant is not denied 'effective or meaningful relief' until the issues surrounding a motion to suppress evidence are reviewed with all other alleged errors following a trial." *Jones, supra,* at 6.

In the instant case, appellant has failed to establish that he will not be afforded meaningful or effective relief by way of an appeal following possible conviction, as

required by R.C. 2505.02(B)(4)(b). Accordingly, the trial court's decision is not a final order subject to immediate review by this court. Although the amended version of R.C. 2505.02 clearly anticipates that some rulings on motions to suppress evidence will be immediately reviewable, the instant case does not present such a situation.

Because the denial of appellant's motion to suppress is not a final order, this appeal must be, and hereby is, dismissed, and the matter is remanded to the trial court for further proceedings.

*Judgment accordingly.*

GENE DONOFRIO and VUKOVICH, JJ. concur.

Cox, P.J., dissents.

Cox, Presiding Judge, dissenting.

I respectfully dissent. The Ohio legislature significantly broadened the scope and nature of orders subject to immediate review by its amendment to R.C. 2505.02. The additions to the statute are capitalized in the following statement of the law:

"(A) AS USED IN THIS SECTION:

"(1) 'SUBSTANTIAL RIGHT' MEANS A RIGHT THAT THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION, A STATUTE, THE COMMON LAW, OR A RULE OF PROCEDURE ENTITLES A PERSON TO ENFORCE OR PROTECT.

"(2) 'SPECIAL PROCEEDING' MEANS AN ACTION OR PROCEEDING THAT IS SPECIALLY CREATED BY STATUTE AND THAT PRIOR TO 1853 WAS NOT DENOTED AS AN ACTION AT LAW OR A SUIT IN EQUITY.

"(3) 'PROVISIONAL REMEDY' MEANS A PROCEEDING ANCILLARY TO AN ACTION, INCLUDING, BUT NOT LIMITED TO, A PROCEEDING FOR A PRELIMINARY INJUNCTION, ATTACHMENT, DISCOVERY OF PRIVILEGED MATTER, OR SUPPRESSION OF EVIDENCE.

"(B) AN ORDER IS A FINAL ORDER THAT MAY BE REVIEWED, AFFIRMED, MODIFIED, OR REVERSED WITH OR WITHOUT RETRIAL, WHEN IT IS ONE OF THE FOLLOWING:

"(1) AN order that affects a substantial right in an action THAT in effect determines the action and prevents a judgment.

"(2) AN order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

"(3) AN order that vacates or sets aside a judgment or grants a new trial.

"(4) AN ORDER THAT GRANTS OR DENIES A PROVISIONAL REMEDY AND TO WHICH BOTH OF THE FOLLOWING APPLY:

"(a) THE ORDER IN EFFECT DETERMINES THE ACTION WITH RESPECT TO THE PROVISIONAL REMEDY AND PREVENTS A JUDGMENT IN THE ACTION IN FAVOR OF THE APPEALING PARTY WITH RESPECT TO THE PROVISIONAL REMEDY.

"(b) THE APPEALING PARTY WOULD NOT BE AFFORDED A MEANINGFUL OR EFFECTIVE REMEDY BY AN APPEAL FOLLOWING FINAL JUDGMENT AS TO ALL PROCEEDINGS, ISSUES, CLAIMS, AND PARTIES IN THE ACTION.

"(5) AN ORDER THAT DETERMINES THAT AN ACTION MAY OR MAY NOT BE MAINTAINED AS A CLASS ACTION.

"(C) When a court issues an order that vacates or sets aside a judgment or grants a new trial, the court, upon the request of either party, shall state in the order the grounds upon which the new trial is granted or the judgment vacated or set aside.

"(D) THIS SECTION APPLIES TO AND GOVERNS ANY ACTION, INCLUDING AN APPEAL THAT IS PENDING IN ANY COURT ON THE EFFECTIVE DATE OF THIS AMENDMENT AND ALL CLAIMS FILED OR ACTIONS COMMENCED ON OR AFTER THE EFFECTIVE DATE OF THIS AMENDMENT. NOTWITHSTANDING ANY PROVISION OF ANY PRIOR STATUTE OR RULE OF LAW OF THIS STATE."

Obviously, the legislature intended sweeping changes to the law by its inclusion of judgment on provisional remedies within the scope of appealable orders. As the majority points out, under prior law the overruling of a motion to suppress evidence was not a final appealable order. Why then would the legislature specifically include a motion to suppress evidence as a provisional remedy if it did not want to modify existing law? To rule contrary to the position that such order is immediately appealable, we would have to hold that notwithstanding the plain meaning of the statute, the General Assembly intended to promulgate a redundant restatement of existing law. While the majority may draw such conclusion, I believe that the well-intentioned legislature was seeking to preserve and protect substantial rights accorded under the Constitution, by statute and administrative regulations, expanding the range of orders subject to immediate review.

Secondly, admissibility of the breathalyzer test results is a certainty as there can be no further challenge to the result at trial. There is a clear distinction between rulings on motions *in limine* and motions to suppress evidence. Once a

motion to suppress is denied, that evidence is deemed admissible. As discussed in *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 35:

"During the pretrial hearing on a motion to suppress breathalyzer test results, the court hears all the relevant evidence on the issue of admissibility. As stated, admissibility of the results turns on substantial compliance with ODH regulations. After ruling on the motion, the only issue left for determination at trial is whether the defendant was operating a vehicle in the state of Ohio—an issue irrelevant to the test's admissibility. Therefore, the trial court's ruling on the defendants' motions in the cases *sub judice* was not a liminal motion.

"A motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted. *State v. Grubb* (1986), 28 Ohio St.3d 199, 201–202, 28 OBR 285, 288, 503 N.E.2d 142, 145.

"The court of appeals reasoned that a ruling on a preliminary motion, though labeled a motion to suppress, could not be appealed (absent a final ruling at trial) unless the motion presented a constitutional challenge. However, the traditional distinction between a motion to suppress based upon a constitutional challenge and a motion in limine does not work as a bright-line rule where the motion to suppress is directed to breathalyzer test results based on a failure to comply with ODH regulations.

"In *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, we recognized that a pretrial motion labeled in limine was the functional equivalent of a motion to suppress where it 'renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.' *Id.* at syllabus. A pretrial challenge to a breathalyzer test, if granted, destroys the state's case under R.C. 4511.19(A)(3), and the state is permitted to appeal pursuant to R.C. 2945.67 and Crim.R. 12(J).

"Similarly, the defense to a charge under R.C. 4511.19(A)(3) is destroyed where the breathalyzer test result is declared valid after a pretrial challenge. If the defendant pleads no contest after such a ruling, judicial economy will be served by appeal of the pivotal issue rather than forcing the defendant through a futile trial. The defendant must, of course, enter a plea of no contest and a judgment must be rendered or there would be no final appealable order."

The *Kretz* court recognized that by law the state could appeal the granting of a motion to suppress if the ruling destroyed the state's case. The *Kretz* court also recognized that the defense to a charge under R.C. 4511.19(A)(3) is destroyed

where the motion to suppress is denied. We must assume that the legislature was aware of this existing law when it revised R.C. 2505.02 and intended as a matter of judicial economy to allow a defendant an immediate appeal under the facts of this case, where he is charged with a violation of R.C. 4511.19(A)(3). As the state may appeal a decision rendering its case so weak in its entirety that all effective prosecution has been destroyed, a fair reading of the statute leads to a reasonable conclusion that the legislature likewise has now entitled a defendant to appeal when the defense to a charge of R.C. 4511.19(A)(3) has been destroyed, without first entering a no contest plea to the charge.

The majority is of the opinion that an appellant may obtain meaningful and effective remedy by appeal after conviction, even if his entire mandated term of imprisonment has been served. They continue by listing other consequences of felony conviction, including incompetence to be an elector or juror or hold an office of honor, trust or profit. Additionally, it cannot be argued that the stigma of conviction injuriously affects efforts at gainful employment.

In my view, the prospect of an unlawful incarceration is itself sufficient cause to warrant an immediate review of the manner in which the test result was obtained. The legislature has defined a "substantial right" under the code as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a *rule of procedure* entitles a person to enforce or protect." (Emphasis added.) R.C. 2505.02(A)(1). The Ohio Department of Health has established rules of procedure for administering breathalyzer tests. Appellant is attempting to protect his right to assure that the rules of procedure were followed in the administration of his test. The legislature has accorded him that as a substantial right which is subject to judicial scrutiny. I would also accord him that right by an immediate review of the breathalyzer test.

The litany of adverse consequences attendant to a felony conviction is all the more reason to assure that a conviction is properly and legally obtained. On a balance between the harm to befall a person illegally convicted on inadmissible evidence and the inconvenience to an appellate court to immediately review the issue of admissibility, the balance should always weigh in favor of protecting a substantial right and allow the review. Finally, judicial economy would be served under the facts of this specific case were the court to immediately review the ruling on admissibility of the test results, as those very results form the basis of a charge against appellant. There is a term of mandatory local incarceration for sixty consecutive days on the underlying charge in accordance with R.C. 4511.99(A)(4)(a). On a balance between this court undertaking to immediately review the issue of admissibility and the likelihood that appellant would have completed his term of mandatory incarceration and forfeited his other rights of citizenship during that period, I would rule that the legislature empowered this

court with authority to conduct an immediate review of such issue by its comprehensive amendment to R.C. 2505.02.

For the foregoing reasons I respectfully dissent to the opinion of the majority and reserve such ruling to the specific facts of this case.