The prosecuting attorney for the City of Garfield Heights appeals from the order of the trial court which determined that the city could not introduce evidence of defendant Fred Turpin's prior convictions for public indecency and indecent exposure in the instant prosecution for public indecency in violation of R.C.2907.09(B). For the reasons set forth below, we dismiss this appeal as untimely and taken without proper leave of this court.
On February 10, 1998, defendant was charged with public indecency, in violation of R.C. 2907.09(A), a misdemeanor of the fourth degree. On May 6, 1998, the city asserted that defendant had previous convictions for public indecency and indecent exposure and the city sought permission to amend the charge to a violation of R.C. 2907.09(B), a misdemeanor of the second degree. Defendant filed a motion to exclude this evidence from the trial of the instant matter. The trial court granted this motion on June 3, 1998. On July 2, 1998, the trial court ordered the matter "certified to the Eighth District Court of Appeals for the purpose of reviewing the judgments of this court entered on June 3, 1998." On July 17, 1998, the city filed a notice of appeal to this court. The city assigns a single error for our review.
The city's assignment of error states:
 THE TRIAL COURT ERRED IN NOT ALLOWING THE PROSECUTION TO PRESENT EVIDENCE OF THE DEFENDANT-APPELLEE'S PRIOR CRIMINAL CONVICTIONS WHERE THE CONVICTIONS ARE AN ESSENTIAL ELEMENT IN THE OFFENSE BECAUSE THE DEGREE OF THE OFFENSE IS ELEVATED BY THE PRIOR CONVICTIONS.
Before reaching this assignment of error, we must determine whether we have or will exercise jurisdiction over this appeal.
In State v. French (1995), 72 Ohio St.3d 446, 449, the Supreme Court observed that an important characteristic of a motion to suppress is that finality attaches so that the ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state.
As to the procedure for perfecting an appeal, R.C. 2945.67(A) provides as follows:
 "A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24
of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. (Emphasis added)."
Crim.R. 12(J) sets forth the proper procedure a prosecutor must follow in order to initiate an appeal pursuant to R.C.2945.67(A). State v. Bertram (1997), 80 Ohio St.3d 280, 283. This rule provides in relevant part as follows:
 "The state may take an appeal as a matter of right * * * from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
 The appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. * * *"
In this instance, the notice of appeal was not filed within seven days of the trial court's June 3, 1998 order in addition, the prosecution did not certify that the appeal was not taken for purposes of delay and that the trial court's order granting the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. Crim.R. 12(J) has not been complied with, and this matter therefore cannot proceed as an appeal pursuant to R.C. 2945.67(A).
We also note that App.R. 5(B) sets forth a procedure by which the prosecution may obtain leave to appeal within thirty days of the entry of the judgment and order sought to be appealed. In relevant part, this rule provides:
(B) Motion by prosecution for leave to appeal
 When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant.
In State V. Gowdy (1994), 95 Ohio App.3d 628, 630, the court declined to grant the prosecution leave to appeal where the prosecution did not file a motion for leave to appeal, and there were other cases which reached the issue which the prosecution sought to raise.
Herein, the prosecution did not file a motion for leave to appeal to this court. Moreover, the Supreme Court has explained the law regarding the allegation of a prior conviction which increases the degree of the offense is therefore an essential element of the crime which must be proved by the prosecution. See, e.g., State v. Allen (1987), 29 Ohio St.3d 53, 54. Therefore, we decline to consider this matter as a discretionary appeal pursuant to App.R. 5(B).
As a final matter, we note that on August 11, 1998, the trial court "certified" the within issue to this court for consideration. Nonetheless, this mechanism does not vest us with jurisdiction herein. Rather, this procedure is used instead by federal courts to obtain pronouncements of law from the Ohio Supreme Court. See S.Ct.Prac.R. XVIII.
Appeal dismissed.
It is ordered that appellee recover of appellant, its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
PORTER, A.J., AND O'DONNELL, J., CONCUR.
 ___________________________________ ANN DYKE JUDGE