The STATE of Ohio, Appellee,

v.

HUBBARD, Appellant.

[Cite as *State v. Hubbard* (1999), 135 Ohio App.3d 518.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 99–JE–32.

Decided Nov. 8, 1999.

---

*Stephen M. Stern,* Jefferson County Prosecuting Attorney, and *Christopher D. Becker,* Assistant Prosecuting Attorney, for appellee.

*James A. Philomena* and *Stephen R. Garea,* for appellant.

*Per Curiam.*

A timely appeal was filed in this matter on June 22, 1999, directed to an order of the Jefferson County Common Pleas Court entered on June 8, 1999, overruling a defense motion to dismiss on the grounds of double jeopardy.

Initially, this court must address a threshold jurisdictional issue. The state of Ohio has filed a motion and memorandum to dismiss for lack of a final appealable order. It is the state's contention that *State v. Crago* (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353, is controlling authority on this issue. The syllabus of *Crago* recites:

"The overruling of a motion to dismiss on the ground of double jeopardy is not a final appealable order. (R.C. 2505.02 construed and applied; *State v. Thomas* [1980], 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897, paragraph one of the syllabus, overruled.)"

The *Crago* court reasoned:

"The denial of a motion to dismiss a charge on the basis of double jeopardy does not meet, for purposes of being a final order, any one of the three prongs of R.C. 2505.02 as set forth therein." *Id.,* 53 Ohio St.3d at 244, 559 N.E.2d at 1355.

*Crago* has been cited by appellate districts, see *State v. Matteson* (Dec. 6, 1992), Jackson App. No. 715, unreported, 1993 WL 524971, and revisited in cases brought before the Ohio Supreme Court. In *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 623 N.E.2d 69, the court held that an action in habeas corpus is not an available means to challenge a trial court's denial of a motion to dismiss on double jeopardy grounds. Writing for the majority, Justice Douglas stated:

"In our judgment, none of the five extraordinary writs, including habeas corpus, constitutes a proper avenue for an accused to test a trial court's ruling on the issue of double jeopardy. We reach this conclusion for two reasons. First, there exists an adequate remedy in the ordinary course of law to challenge an adverse ruling on the issue, to wit: an appeal to the court of appeals at the conclusion of the trial court proceedings. Second, none of the five extraordinary writs seems applicable in a situation where an accused seeks to avoid trial based upon claims of double jeopardy.

"To avoid any further confusion on this issue, we now hold that the decision of a trial court denying a motion to dismiss on the ground of double jeopardy is not a final appealable order, and is not subject to judicial review through an action in habeas corpus or prohibition, or any other action or proceeding invoking the original jurisdiction of an appellate court. We further hold that, in Ohio, the proper remedy for seeking judicial review of the denial of a motion to dismiss on the ground of double jeopardy is a direct appeal to the court of appeals at the conclusion of the trial court proceedings." (Footnote omitted.) *Id.,* 68 Ohio St.3d at 66, 623 N.E.2d at 72.

The *Wenzel* court noted that the United States Supreme Court in *Abney v. United States* (1977), 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651, held that denial of a motion to dismiss on double jeopardy grounds is a "final decision" within Section 1291, Title 28, U.S.Code, and is subject to immediate appellate review. The court further noted that *Abney* does not mandate as a matter of federal constitutional law that the states provide a mechanism for an interlocutory appeal from such an order.

In the later decision of *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 338, 686 N.E.2d 267, 270, the court reiterated: "White has adequate legal remedies to raise his double jeopardy contentions by a pretrial motion to dismiss, and if it is denied and he is subsequently convicted, *by direct appeal.*" (Emphasis added). It is clear that the prevailing view, at least prior to the revision to R.C. 2505.02, is that an order overruling a motion to dismiss on the grounds of double jeopardy is not a final appealable order.

Effective July 22, 1998, R.C. 2505.02 defines a final order as follows:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"(3) An order that vacates or sets aside a judgment or grants a new trial;

"(4) An order that grants or denies a provisional remedy * * *."

Clearly, the statute does not specifically address motions to dismiss on the grounds of double jeopardy. It does speak of orders denying provisional remedies, a legislative expansion of the types of orders subject to immediate review. R.C. 2505.02(A)(3) defines a "provisional remedy" as a "proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."

However, two criteria must be met regarding provisional remedies:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4)(a) and (b).

Appellant in this case would not be denied a meaningful or effective appeal on the issue of double jeopardy, along with any other trial issue that may develop, should he be required to wait until conviction and sentence before an appeal is taken. Moreover, appellant may still be acquitted at trial, rendering the issue moot. We find that a motion to dismiss on the grounds of double jeopardy is not a provisional remedy as defined by the amended statute.

There is nothing in the statute itself, or the legislative history to the amended statute, which leads this court to believe that it was the legislature's intent to depart from existing law and permit an immediate appeal from the overruling of a motion to dismiss on double jeopardy grounds.

We are cognizant of the Ohio Supreme Court's decision in *State v. Loza* (1994), 71 Ohio St.3d 61, 641 N.E.2d 1082. That decision has no application to our finding that the order appealed is not subject to immediate review. It goes to a merit determination on appeal should a conviction be obtained. The *Loza* court recognized that under the Double Jeopardy Clause there is a narrow exception

that prohibits a retrial when a mistrial is precipitated by prosecutorial misconduct intentionally calculated to cause a mistrial.

As stated in the opinion:

"The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, protects a criminal defendant from repeated prosecutions for the same offense. *Oregon v. Kennedy* (1982), 456 U.S. 667, 671, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416, 422. When a trial court grants a criminal defendant's request for a mistrial, the Double Jeopardy Clause does not bar a retrial. *Id.* at 673, 102 S.Ct. at 2088, 72 L.Ed.2d at 423. A narrow exception lies where the request for a mistrial is precipitated by prosecutorial misconduct that was intentionally calculated to cause or invite a mistrial. *Id.* at 678–679, 102 S.Ct. at 2091, 72 L.Ed.2d at 427. See, also, S*tate v. Doherty* (1984), 20 Ohio App.3d 275, 20 OBR 338, 485 N.E.2d 783. Only where the prosecutorial conduct in question is intended to 'goad' the defendant into moving for a mistrial may defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. *Oregon v. Kennedy, supra,* 456 U.S. at 676, 102 S.Ct. at 2089, 72 L.Ed.2d at 425.

"After reviewing the record, we must conclude that the conduct of the state was not intended to provoke the appellant into moving for a mistrial. The prosecution was not aware of the chemical analysis report until the morning of the last day of trial. There is no indication that the state engaged in an intentional act of deception, or that the state intentionally withheld exculpatory evidence. For these reasons, appellant's fourth proposition of law is overruled." *Id.* at 70–71, 641 N.E.2d at 1097.

In overruling the motion to dismiss, the trial court, in the case *sub judice,* applied the law in *Loza* and found no evidence of purposeful or intentional misconduct intended to cause a mistrial. Whether this finding is supported by the record is a matter to be reviewed upon completion of the criminal proceeding should an assignment of error raise the issue.

■ We hold that under R.C. 2505.02, as amended July 22, 1998, the overruling of a motion to dismiss on the grounds of double jeopardy is not an appealable order subject to immediate review.

The motion of the state of Ohio to dismiss this appeal is sustained. Appeal dismissed. Cause remanded to the Common Pleas Court for placement on the trial calendar.

*Appeal dismissed.*

Cox, Vukovich and Waite, JJ., concur.