The STATE of Ohio, Appellee and Cross–Appellant,

v.

TATE, Appellant and Cross–Appellee.

[Cite as *State v. Tate*, 179 Ohio App.3d 71, 2008-Ohio-5686.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 08 MA 204.

Decided Oct. 30, 2008.

72

Paul Gains, Mahoning County Prosecuting Attorney, and Rhys Cartwright–Jones, Martin Desmond, and Dawn Cantalemesa, Assistant Prosecuting Attorneys, for appellee and cross-appellant.

John Juhasz and Lynn Maro, for appellant and cross-appellee.

Per Curiam.

## DEFENDANT'S APPEAL

{¶ 1} Defendant-appellant, Terrance Tate, has filed a pretrial appeal of the trial court's denial of his motion for discharge under Crim.R. 12(K), which motion was filed as a result of an unsuccessful state's suppression appeal. For the following reasons, this appeal is dismissed for lack of a final, appealable order.

{¶ 2} A one-year-old child was admitted to the hospital with blunt-force injuries. After appellant confessed to hitting the child, the child died. Appellant was then indicted for aggravated murder with a death specification. In August 2007, the Mahoning County Common Pleas Court suppressed the confession due to an untimely waiver of Miranda rights. The state filed a timely "appeal as of right" under R.C. 2945.67(A) and Crim.R. 12(K). This court affirmed the trial court's suppression decision. *State v. Tate*, 7th Dist. No. 07MA130, 2008-Ohio-3245, 2008 WL 2583041. The appeal to the Ohio Supreme Court was voluntarily dismissed. 119 Ohio St.3d 1460, 2008-Ohio-4792, 894 N.E.2d 54.

{¶ 3} In appealing to our court, the state certified under Crim.R. 12(K) that the suppression of evidence rendered the state's proof so weak in its entirety that any reasonable possibility of effective prosecution had been destroyed. Due to our affirmance of the trial court's suppression decision, appellant filed a motion for discharge under Crim.R. 12(K), which further provides:

{¶ 4} "If an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal."

{¶ 5} After a hearing on appellant's motion, the trial court filed a September 8, 2008 judgment entry, finding that the prosecution had demonstrated that it was in possession of newly discovered evidence that it could not, with reasonable diligence, have discovered before appealing the suppression decision. The court pointed to various pieces of evidence, including the recent discovery of telephone calls from appellant to his mother, letters written to the prior trial judge but not provided to the state, and an inmate's claim that appellant confessed to him. The court disagreed with appellant's contention that the state should have discovered the evidence prior to its appeal, noting that when the state's initial strategy is to rely on a confession, it is not required to keep investigating all other incriminating avenues.

{¶ 6} Appellant filed a timely notice of appeal on October 8, 2008. The state filed a motion to dismiss on jurisdictional grounds due to the interlocutory nature

of a criminal defendant's appeal. Appellant filed a jurisdictional memorandum claiming that the order appealed constitutes a final, appealable order under R.C. 2505.02 as either a provisional remedy or a special proceeding.

{¶ 7} This statute lists categories of final, appealable orders, the first four of which are:

{¶ 8} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 9} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 10} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 11} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 12} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 13} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B).

{¶ 14} A footnote in appellant's brief states that he is claiming applicability of (B)(1), (2), and (4). He does not then set forth any argument regarding division (B)(1), and that claim is easily countered. Regardless of whether a substantial right is affected, the order here not does determine the action and prevent judgment. Cf. R.C. 2505.02(B)(4)(a) (modifying similar language by adding "with respect to the provisional remedy)." The order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 7. Here, the action is the criminal action that is still awaiting trial. Thus R.C. 2505.02(B)(1) is inapplicable to this case.

{¶ 15} Appellant also argues that the trial court's order denying discharge under Crim.R. 12(J) is final under R.C. 2505.02(B)(2), which allows appeal from an order affecting a substantial right made in a special proceeding. A special proceeding is an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity. R.C. 2505.02(A)(2).

{¶ 16} Appellant points out that the Supreme Court once held that suppression is a special proceeding under R.C. 2505.02, in a case allowing a state's appeal at a

time before establishment of the current procedure regarding the state's right to appeal. *State v. Collins* (1970), 24 Ohio St.2d 107, 109, 53 O.O.2d 302, 265 N.E.2d 261 (reaching the conclusion with hesitancy). Appellant does not mention the portion of the *Collins* decision addressing a substantial right in which the court notes that unlike the state, a defendant can effectively challenge the correctness of an order denying suppression following conviction. Id. at 110, 53 O.O.2d 302, 265 N.E.2d 261. We will discuss this concept further below.

{¶ 17} Regarding appellant's citation of *Collins*, we merely point out that the portion of the *Collins* holding relied upon by appellant was abrogated by more recent case law and was decided prior to the 1998 amendments to R.C. 2505.02, which statutorily defined special proceedings. After *Collins*, the Supreme Court altered its position on special proceedings by announcing that reviewing courts do not scrutinize the nature of the order to determine whether that order was made in a special proceeding. *Walters v. Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 121, 123, 676 N.E.2d 890. Rather, it is the underlying action that is the focus of the court's inquiry. Id. (request for discovery protective order was made in ordinary civil action for damages).

{¶ 18} This principle has been reaffirmed even after the July 1, 1998 amendment to R.C. 2505.02, which provided the statutory definitions and added other categories of final orders. *Stevens v. Ackman* (2001), 91 Ohio St.3d 182, 186, 743 N.E.2d 901. The *Stevens* case instructed the reviewing court to look at the basic core of the statute at issue and determine whether it merely provides details within the structure of an ordinary action or whether it actually creates a special proceeding such as an independent judicial inquiry. Id. at 188, 743 N.E.2d 901 (finding the underlying action to be an ordinary civil action notwithstanding the statutory claims for wrongful death).

{¶ 19} Here, appellant points to no statute creating the right he seeks to enforce. Rather, he points to Crim.R. 12(J). This is a rule, not a statute. Moreover, the rule's provision barring prosecution in the absence of timely newly discovered evidence does not create an action in itself. Rather, it merely provides details within the structure of an ordinary criminal action. Therefore, the denial of a motion for discharge under Crim.R. 12(J) is not an order made in a special proceeding and thus does not fall under R.C. 2505.02(B)(2).

{¶ 20} We now turn to appellant's claim that the order is appealable under R.C. 2505.02(B)(4) as a provisional remedy. A provisional remedy is a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, or a prima-facie showing in order to maintain asbestos litigation. R.C. 2505.02(A)(3). To be a provisional remedy, the remedy sought must be attendant upon or aid the underlying action. *State v. Muncie* (2001), 91 Ohio St.3d 440, 449,

746 N.E.2d 1092. Examples of provisional remedies are appointment of a receiver, attachment, forcing an incompetent to take medications in preparation for criminal trial and forcing an incompetent into a mental institution in preparation for criminal trial. Id. at 449–450, 746 N.E.2d 1092; *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, ¶ 16 (restoring competency aids the criminal action).

{¶ 21} A motion to dismiss does not aid or accompany the criminal action. Rather, it is a claim for relief that seeks to terminate the action. See *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 26, 31 ("A stay is not an offshoot of the main action; it is the main action postponed. * * * It does not further the main action. We therefore hold that the imposition of a stay pending the determination of the bankruptcy of a party it is not an ancillary proceeding * * * "). "A provisional remedy is a remedy other than a claim for relief." See also *State ex rel. Butler Cty. Children Serv. Bd. v. Sage* (2002), 95 Ohio St.3d 23, 25, 764 N.E.2d 1027. Thus, it does not appear to us that the denial of a criminal defendant's motion to dismiss is the denial of a provisional remedy.

{¶ 22} We acknowledge that the Supreme Court did not use this rationale in addressing the status of a civil motion to dismiss based upon Civ.R. 10(D)(2), which requires the filing of an affidavit of merit along with a medical-malpractice complaint. *Manley v. Marsico*, 116 Ohio St.3d 85, 2007-Ohio-5543. The court did find that the denial of the physician's motion to dismiss the complaint did not fall within the statutory definition of a provisional remedy under R.C. 2505.02(A)(3). Id. at ¶ 13–14. However, rather than use the rationale expressed above, the *Manley* court based its decision on the fact that the rule did not require automatic dismissal, as the rule allowed the affidavit of merit to be filed late upon a showing of good cause. Id. at ¶ 14. This may suggest that some dismissal motions could fit the definition of provisional remedy if the basis for it automatically requires dismissal.

{¶ 23} Still, appellant's motion to dismiss the charges or for discharge in this case is also derived from a procedural rule that does not require automatic dismissal and that allows the state to show that it has newly discovered evidence that could not have been discovered in time for the state's prior appeal in the exercise of reasonable diligence. This equates with the scenario in *Manley*. Thus, we hold that a motion to dismiss a criminal case under Crim.R. 12(J) based upon an unsuccessful state's appeal does not meet the threshold definition of a provisional remedy under R.C. 2505.02(A)(3).

{¶ 24} Even assuming that the motion could satisfy the definition of a provisional remedy, the remainder of the provisional-remedy test is not met here.

True, the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. See R.C. 2505.02(B)(4)(a). However, the second prong of the provisional-remedy category of final orders requires a determination that the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings and issues in the action. R.C. 2505.02(B)(4)(b).

{¶ 25} For comparison, we review the results of other cases where the court found that the order appealed did not deprive the defendant of a meaningful or effective remedy by an appeal after final judgment. This court has held that the defendant is afforded a meaningful or effective remedy for the denial of his suppression motion by an appeal following final judgment. See, e.g., *State v. Lebron* (Nov. 22, 1999), 7th Dist. No. 99CA35, 1999 WL 1124762; *State v. Ricciardi* (1999), 135 Ohio App.3d 155, 733 N.E.2d 291.

{¶ 26} In *Lebron,* we found that "any issue surrounding the trial court's judgment overruling the appellant's motion to suppress evidence will continue to exist until the criminal trial is concluded." Id., citing *State v. Jones* (Jan. 29, 1999), 11th Dist. No. 98–P–0116, 1999 WL 33100648. In *Ricciardi,* we found that the fact that appellant could have served time in prison prior to successfully procuring a reversal of his conviction does not amount to the denial of a meaningful or effective remedy, noting that incarceration is not the only consequence of a felony conviction. *Ricciardi,* 135 Ohio App.3d 155, 733 N.E.2d 291.

{¶ 27} As aforementioned, the Supreme Court in addressing whether suppression affects a substantial right mentioned that, unlike the state, the defendant can effectively challenge a denial of suppression following his conviction. *State v. Collins,* 24 Ohio St.2d at 110, 53 O.O.2d 302, 265 N.E.2d 261 (in allowing state's appeal of grant of suppression). Although this decision was prior to the provisional-remedy amendment, the rationale is telling of the effectiveness of the defendant's remedy later.

{¶ 28} For a different example, this court has held that the denial of a motion to dismiss on double jeopardy grounds is not a final order under R.C. 2505.02(B)(4)(b). *State v. Hubbard* (1999), 135 Ohio App.3d 518, 734 N.E.2d 874. The state of the law prior to the new final-order statute was that a denial of a motion to dismiss on grounds of double jeopardy was not appealable. Id. at 519–520, 734 N.E.2d 874, citing *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 66, 623 N.E.2d 69 (refusing to issue writ on double jeopardy grounds because there was an adequate remedy by way of appeal after conviction), and *State v. Crago* (1990), 53 Ohio St.3d 243, 244–245, 559 N.E.2d 1353. After recognizing the new provisional-remedy category in the amended statute, we continued to hold:

{¶ 29} "Appellant in this case would not be denied a meaningful or effective appeal on the issue of double jeopardy, along with any other trial issue that may develop, should he be required to wait until conviction and sentence before an appeal is taken. Moreover, appellant may still be acquitted at trial, rendering the issue moot." *Hubbard,* 135 Ohio App.3d at 521, 734 N.E.2d 874.

{¶ 30} The Fourth District has found our reasoning in *Hubbard* persuasive and similarly held that there is meaningful and effective review of the denial of a motion to dismiss on double jeopardy grounds after conviction. *State v. Prokos* (May 31, 2000), 4th Dist. No. 00CA02, 2000 WL 714999. If a defendant has a meaningful and effective appeal after final judgment where he claims entitlement to discharge on double jeopardy grounds, then a defendant would similarly have a meaningful and effective appeal after final judgment where he claims entitlement to discharge under Crim.R. 12(J).

{¶ 31} We now consider whether our *Hubbard* position is still valid, after certain recent Supreme Court decisions concerning provisional remedies. Two cases are most relevant. In one case, a criminal defendant, who was found incompetent before trial, was ordered to be forcibly medicated in order to restore competency. *State v. Muncie* (2001), 91 Ohio St.3d 440, 746 N.E.2d 1092. After finding that the order was attendant upon or aided the criminal prosecution, the Supreme Court held that the defendant would not be afforded a meaningful or effective remedy by appeal after final judgment, as the "proverbial bell cannot be unrung." Id. at 445, 450–451, 746 N.E.2d 1092 (pointing to the serious side effects of the psychotropic drugs).

{¶ 32} The *Muncie* court provided other examples that would qualify as final orders. For instance, the court agreed that an order compelling the production of trade secrets was a final order because the cloak of secrecy could not be restored after final judgment. Id. at 451, 746 N.E.2d 1092, citing *Gibson–Myers & Assoc. v. Pearce* (Oct. 27, 1999), 9th Dist. No. 19358, 1999 WL 980562. The court found the same rationale applicable to an order compelling production of certain communications that were allegedly subject to the attorney-client privilege. Id., citing *Cuervo v. Snell* (Sept. 26, 2000), 10th Dist. Nos. 99AP–1442, 99AP–1443, and 99AP–1458, 2000 WL 1376510.

{¶ 33} A few years after *Muncie,* a criminal defendant, who was found incompetent before trial, was ordered to be committed to a mental institution for restoration of competency. *State v. Upshaw,* 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711. After finding that the proceeding aided and was subordinate to the underlying action, the Supreme Court held that the confinement was uncorrectable at a later time and stated that if the defendant is later acquitted, the lack of remedy is even clearer. Id. at ¶ 16 and 18 (noting that the defendant wished to proceed to trial and disputed that he was incompetent).

{¶ 34} Appellant relies on this case, states that his confinement in jail (as he could not meet his bail of $150,000) is the direct result of the court's denial of his motion for discharge, and equates the order requiring pretrial confinement in a mental institution to an order denying discharge. However, the situations are distinguishable.

{¶ 35} In *Upshaw* an appeal after conviction would have been moot because the commitment for incompetency would be over; whereas here, a successful appeal after conviction, if that is the final result, will overturn that conviction. See *Youngstown v. Ortiz,* 153 Ohio App.3d 271, 2003-Ohio-2238, 793 N.E.2d 498, ¶ 33 (a Seventh District case that was the certified case upheld in *Upshaw* ). We do acknowledge that the *Upshaw* court stated that if the defendant is acquitted, the lack of remedy for the confinement is even clearer. However, contrary to appellant's contention, the order at issue in *Upshaw* directly ordered commitment, whereas the order at issue here is merely an order refusing to dismiss the case. An alleged incompetent's commitment cannot be undone, but a court's refusal to dismiss can. There may also be a difference between pretrial commitment in a mental institution and pretrial incarceration due to an inability to meet bail of $150,000 in a capital case.

{¶ 36} Therefore, we do not believe that the *Upshaw* rationale applies to a case such as appellant's for the mere reason that he cannot make bail or for his alternate reason that he will have to proceed through a trial (or plead) in order to have his Crim.R. 12(J) discharge motion reviewed. Until the Supreme Court rules otherwise, we maintain our line of reasoning in the double jeopardy dismissal motion and suppression motion cases and find that appellant will be afforded an effective and meaningful review on appeal after final judgment.

{¶ 37} In conclusion, the order does not determine the action and prevent judgment under R.C. 2505.02(B)(1). The order was not made in a special proceeding under R.C. 2505.02(B)(2). The order did not deny a provisional remedy, as dismissal is not in aid of or accompanying a criminal action; rather, it is the termination of the action, at least where, as in *Manley,* a procedural rule provides that dismissal is not automatic. Moreover, appellant is not denied a meaningful or effective remedy by the delay in review as required by R.C. 2505.02(B)(3).

{¶ 38} Accordingly, the trial court's denial of a motion for discharge under Crim.R. 12(K) is not a final, appealable order, and the appeal filed by defendant-appellant Tate is hereby dismissed.

## STATE OF OHIO'S CROSS–APPEAL

{¶ 39} The state previously lost an appeal to this court regarding the trial court's suppression of evidence in the criminal case against defendant Tate.

While the trial court was deciding whether to discharge the defendant under Crim.R. 12(K), the state asked the trial court for relief from the prior suppression order. Specifically, the state filed a Civ.R. 60(B) motion to vacate the suppression order on the grounds of fraud and newly discovered evidence.

{¶ 40} On September 8, 2008, the trial court denied the state's motion. On October 17, 2008, the state filed a motion for leave to appeal the trial court's order. The state framed its appeal as a cross-appeal, since defendant Tate had appealed the denial of his motion for discharge, which order was also contained in the September 8, 2008 judgment entry. Defendant's appeal was timely filed on October 8, 2008. The state apparently believes that its appeal is timely as a cross-appeal. However, for the following reasons, the state's appeal is untimely.

{¶ 41} Pursuant to App.R. 3(A), an "appeal as of right" shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by App.R. 4. Regarding a cross-appeal, App.R. 3(C)(A) states that a person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order shall file a notice of cross-appeal within the time allowed by App.R. 4.

{¶ 42} According to App.R. 4(A), a party shall file the notice of appeal required by App.R. 3 within 30 days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three-day period in Civ.R. 58(B). One exception to the appeal time provided in App.R. 4(A) is in the case of multiple appeals or cross-appeals. App.R. 4(B)(1) provides that if a notice of appeal is timely filed by a party, another party may, as an exception to the time provided in App.R. 4(A), file a notice of appeal within the appeal time otherwise set forth in App.R. 4 or within ten days of the filing of the first notice of appeal. See also App.R. 4(B)(4) (also providing an exception for a state's appeal as of right under Crim.R. 12(K) and providing only seven days to file a notice of appeal from the date the judgment is entered).

{¶ 43} However, App.R. 3 and 4 both deal with appeals as of right. See App.R. 3 and 4. See also State v. Gowdy (1994), 95 Ohio App.3d 628, 629–630, 643 N.E.2d 175 (finding App.R. 3 inapplicable to App.R. 5 cases). As the state points out, this is not an appeal as of right. See R.C. 2945.67(A) (which gives the state an ability to appeal as a matter of right only after the grant of a motion to dismiss, to suppress, for the return of seized property, or for postconviction relief and which provides the only alternative in other scenarios is to seek leave of the reviewing court over issues other than the final verdict).

{¶ 44} Rather, the state has specifically asked for a motion for leave to appeal under App.R. 5(C). App.R. 5 deals with appeals by leave of court, rather than appeals as of right, and provides:

{¶ 45} "(C) Motion by prosecution for leave to appeal.

{¶ 46} "When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, *a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed* and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant." (Emphasis added.)

█ {¶ 47} The decision to grant or deny the state's motion for leave to appeal is solely within the discretion of the appellate court. *State v. Matthews* (1998), 81 Ohio St.3d 375, 378, 691 N.E.2d 1041; *State v. Fisher* (1988), 35 Ohio St.3d 22, 26, 517 N.E.2d 911. However, our jurisdiction must be properly invoked before we can decide whether to exercise that discretion to grant leave to appeal.

{¶ 48} Initially, we point out that it is only regarding the form of the notice of appeal for which App.R. 5(C) refers the reader to App.R. 3 (which in turn refers to App.R. 4 for timeliness matters). Besides the fact that App.R. 4 deals only with appeals as of right, a specific rule will prevail over a more general rule. See, e.g., R.C. 1.51. Rather than referring to the 30–day time period in App.R. 4(A), which has exceptions for cross-appeals, App.R. 5(C) now provides its own time period within which the state must file its motion for leave to appeal and its concurrent notice of appeal. Cf. *State v. Wallace* (1975), 43 Ohio St.2d 1, 3–4, 72 O.O.2d 1, 330 N.E.2d 697 (at a time when App.R. 5 did not provide its own time limit for App.R. 5 appeals by the state).

{¶ 49} Even App.R. 3(A) declares: "Appeals by leave of court shall be taken in the manner prescribed by Rule 5." App.R. 5(C) provides no exception for cross-appeals or multiple appeals. Furthermore, the exception regarding cross-appeals or multiple appeals provided in App.R. 4(B)(1) expressly states that it is an

exception to App.R. 4(A), which in turn provides the 30–day period for filing appeals as of right. The time period in App.R. 4(A) is inapplicable here because this is not an appeal as of right and because an appeal with leave is governed by its own time periods.

{¶ 50} Similarly, there can be no argument regarding the exception for failure of service within three days in a civil case. See docket (the clerk noted service of September 8, 2008 judgment on September 23, 2008). See also App.R. 4(A), citing Civ.R. 58(B). Specifically, App.R. 4(A) allows this service exception only in "a civil case." Although the appealed motion may have been pursuant to Civ.R. 60(B), this remains a criminal case. In any event, we already discussed how App.R. 4(A) is inapplicable to attempted discretionary appeals by the state. Rather, App.R. 5(C) applies, and this rule explicitly provides for filing within 30 days "from the entry of the judgment" without regard to service.

{¶ 51} Because the state failed to file its motion for leave to appeal and its accompanying notice of appeal within 30 days of the entry of the September 8, 2008 judgment, *our jurisdiction was never properly invoked*. See, e.g., *State v. Mitchell*, 6th Dist. L–03–1270, 2004-Ohio-2460, 2004 WL 1088380, ¶ 12 (the state's failure to comply with App.R. 5(C)'s time requirement for filing a motion for leave is jurisdictional); *Gowdy*, 95 Ohio App.3d at 630, 643 N.E.2d 175 (where a notice of appeal by the state was timely but a motion for leave to appeal was not). Therefore, the state's discretionary appeal cannot be entertained, as it is untimely filed.

{¶ 52} The state's motion for leave to appeal is hereby denied, and its notice of appeal is hereby dismissed. Pending motions are dismissed as moot.

{¶ 53} Both parties are to pay their costs.

Judgment accordingly.

DeGenaro, P.J., and Donofrio and Vukovich, JJ., concur.