**CITY OF YOUNGSTOWN, Appellee,**

v.

**ORTIZ, Appellant.**

[Cite as *Youngstown v. Ortiz,* 153 Ohio App.3d 271, 2003-Ohio-2238.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 01 CA 239.

Decided May 1, 2003.

Dionne M. Almasy, Youngstown City Prosecutor, and Benjamin Joltin, Assistant City Prosecutor, for appellee.

Thomas R. Wright, for appellant.

---

WAITE, Presiding Judge.

{¶ 1} This matter involves the appeal of a judgment issued by the Youngstown Municipal Court ordering appellant, Nelson Ortiz, to be committed for treatment so that he may be restored to competency for a criminal trial. We hold that the trial court properly ordered appellant into treatment so that he could be restored to competency, and we affirm the decision in full.

{¶ 2} Appellant was charged in Youngstown Municipal Court with one count of aggravated menacing in violation of R.C. 2903.21, a first degree misdemeanor. He requested a competency hearing, which was held on July 31, 2001.

{¶ 3} On December 4, 2001, the trial court ruled that appellant was incompetent to stand trial pursuant to R.C. 2945.38, and appellant was ordered to undergo treatment at Northcoast Behavioral Health Care Systems in Cleveland. The court found that there was a substantial probability that appellant would be restored to competency within one year. On December 24, 2001, appellant filed an appeal of the December 4, 2001 judgment.

### Determining the Applicable version of R.C. 2945.38

{¶ 4} This appeal involves issues arising out of R.C. 2945.38, which gives authority to a trial court to order a defendant to be committed and undergo treatment to be restored to competency to stand trial. R.C. 2945.38 has been revised a number of times in the past few years. The Ohio Supreme Court recently held unconstitutional, in *State v. Sullivan* (2001), 90 Ohio St.3d 502, 739 N.E.2d 788, that version of the statute contained in S.B. 285, effective July 1, 1997. A subsequent version of the statute, found in S.B. 122, effective February 2, 2002, was not yet in effect when the trial court issued its commitment order in this case. Therefore, the version of the statute which applies to appellant is found in Am.Sub.S.B. 269, effective July 1, 1996. 146 Ohio Laws, Part VI, 10752, 10976–10980. The relevant portions of R.C. 2945.38, as found in Am.Sub.S.B. 269, are as follows:

{¶ 5} "(B) If the court finds that the defendant is incompetent to stand trial, it shall also make a finding based on the evidence as to whether there is a substantial probability that the defendant will become competent to stand trial within one year, if the defendant is provided with a course of treatment.

{¶ 6} "(C) If the court finds that the defendant is incompetent to stand trial and that, even if the defendant is provided with a course of treatment, there is not a substantial probability that the defendant will become competent to stand trial within one year, and it appears to the court, through a review of the report of an examiner under section 2945.371 of the Revised Code or otherwise, that the defendant is mentally ill or mentally retarded, the court may cause an affidavit to be filed in the probate court under section 5122.11 or 5123.71 of the Revised Code alleging that the defendant is a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order, as defined in sections 5122.01 and 5123.01 of the Revised Code. When the affidavit is filed, the trial court shall send to the probate court a copy of all written reports of the defendant's mental condition that were prepared pursuant to section 2945.371 of the Revised Code.

{¶ 7} "The court may issue the temporary order of detention that a probate court may issue under section 5122.11 or 5123.71 of the Revised Code, to remain in effect until the probable cause or initial hearing in the probate court. Further proceedings in the probate court are then civil proceedings governed by Chapter 5122. or 5123. of the Revised Code.

{¶ 8} "* * *

{¶ 9} "(D) If the court finds that the defendant is incompetent to stand trial and it appears to the court, through a review of the report of an examiner or otherwise, that the defendant is mentally ill or mentally retarded, but that there is a substantial probability the defendant will become competent to stand trial within one year if provided a course of treatment, and the offense is one for which the defendant could be incarcerated, if convicted, the court shall order the defendant to undergo treatment at a facility operated by the department of mental health or the department of mental retardation and developmental disabilities, at a facility certified by the appropriate department as qualified to treat mental illness or mental retardation, at a public or private community mental health or mental retardation facility, or it may order private treatment by a psychiatrist or other mental health or mental retardation professional. The order may restrict the defendant's freedom of movement, as the court considers necessary. In determining placement alternatives, the court shall consider the dangerousness of the defendant to self and others, the need for security, and the type of crime involved and shall order the least restrictive alternative available that is consistent with public safety and treatment goals.

{¶ 10} "No defendant shall be required to undergo treatment under this division for longer than the lesser of fifteen months or one-third of the longest prison term that might be imposed for conviction of a felony or *one-third of the longest term of imprisonment that might be imposed for conviction of a misdemeanor* if the defendant is found guilty of the most serious crime with which the defendant was charged at the time of the hearing. * * * If the maximum time during which an order of the court may be in effect expires, the court, within three days, shall conduct another hearing under section 2945.37 of the Revised Code to determine if the defendant is competent to stand trial, but at the close of such a hearing, a disposition shall be made under division (A) of this section or if the defendant is found incompetent to stand trial, disposition shall be made as under division (C) of this section.

{¶ 11} "* * *

{¶ 12} " (E) The person who supervises the treatment of a defendant ordered to undergo treatment under division (D) of this section shall file a written report with the court and send copies to the prosecutor and defense counsel at the following times:

{¶ 13} "(1) After the first ninety days of treatment and after each one hundred eighty days of treatment thereafter;

{¶ 14} "(2) Whenever the person believes the defendant is competent to stand trial;

{¶ 15} "(3) Whenever the person believes that there is not a substantial probability that the defendant will become competent to stand trial;

{¶ 16} "(4) Fourteen days before expiration of the maximum time an order issued under division (D) of this section may be in effect, as specified in that division.

{¶ 17} "A report shall contain the findings of the examiner, the facts in reasonable detail on which the findings are based, and the opinion of the examiner as to the defendant's competence to stand trial. If the examiner finds that the defendant is incompetent to stand trial, the examiner shall state an opinion in the report on the likelihood of the defendant's becoming competent to stand trial within one year.

{¶ 18} "(F) Within ten days after receipt of a report required by division (E) of this section, the court shall hold a hearing on the issue of the competence of the defendant to stand trial, as provided in section 2945.37 of the Revised Code. If at the conclusion of the hearing the court finds that the defendant is competent to stand trial, the defendant shall be proceeded against as provided by law. If the court finds that the defendant is incompetent to stand trial, but that there is a substantial probability the defendant will become competent to stand trial before

expiration of the time limit specified for treatment under division (D) of this section, the court may modify or continue in effect orders made at a previous hearing, still subject to the maximum time that orders may be in effect, as originally established under division (D) of this section. If the court finds that the defendant is incompetent to stand trial and that there is not a substantial probability that the defendant will become competent to stand trial within the maximum time that orders may be in effect, as originally established under division (D) of this section, the court shall make a disposition as under division (C) of this section." (Emphasis added.) 146 Ohio Laws, Part VI, 10976–10979.

## Final Appealable Order Status

{¶ 19} Section 3(B)(2), Article IV of the Ohio Constitution permits Ohio's appellate courts to have subject matter jurisdiction over decisions of lower courts only if those decisions are final orders or judgments. A trial court order in a criminal case is final and appealable only if the requirements of R.C. 2505.02 are met. *State v. Crago* (1990), 53 Ohio St.3d 243, 244, 559 N.E.2d 1353. If an order is not final, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. *State v. Hubbard* (1999), 135 Ohio App.3d 518, 522, 734 N.E.2d 874. Moreover, in the event that this jurisdictional issue is not raised by the parties to the appeal, this court is required to sua sponte raise the issue. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728.

{¶ 20} Generally, the final appealable order in a criminal case is the sentencing order. *State v. Hunt* (1976), 47 Ohio St.2d 170, 174, 1 O.O.3d 99, 351 N.E.2d 106.

{¶ 21} The Ohio Supreme Court has held that an order finding a defendant incompetent to stand trial under former R.C. 2945.38 is not a final appealable order. *Hunt*, supra, 47 Ohio St.2d at the syllabus; see, also, *State v. Muncie* (2001), 91 Ohio St.3d 440, 444, 746 N.E.2d 1092. The Supreme Court was cognizant that in some states the trial of an incompetent defendant might be delayed indefinitely if the incompetency decision were not immediately reviewable. *Hunt*, 47 Ohio St.3d at 172, 1 O.O.3d 99, 351 N.E.2d 106. The Supreme Court pointed out, though, that Ohio's incompetency statutes do not permit indefinite confinement and mandate that the defendant's competency be reviewed no later than one year after commitment. Id. at 173, 1 O.O.3d 99, 351 N.E.2d 106. The court concluded that a finding of incompetency was "merely preliminary and collateral to the main issue of the guilt or innocence of the accused, and to allow an appeal would only serve to delay a determination on the criminal charges." Id. at 172, 1 O.O.3d 99, 351 N.E.2d 106.

{¶ 22} The terms of the version of R.C. 2945.38 applicable to this case do not differ substantially with the version applied in the *Hunt* case.

{¶ 23} Although the *Hunt* decision could not be any clearer, it predates changes made in 1998 to R.C. 2505.02, the statute which defines final, appealable orders. Thus, we must determine whether R.C. 2505.02, as it now reads, allows the December 4, 2001 decision to be deemed final and appealable.

{¶ 24} The relevant portions of R.C. 2505.02 state:

{¶ 25} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 26} "* * *

{¶ 27} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 28} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 29} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 30} Pursuant to R.C. 2505.02(B)(4), in order to qualify as a final, appealable order, the following conditions must be met: (a) the order must grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3); (b) the order must determine the action with respect to the provisional remedy so as to prevent judgment in favor of the party prosecuting the appeal; and (c) the reviewing court must find that immediate review is necessary to afford the appellant any meaningful or effective relief. See *State v. Muncie* (2001), 91 Ohio St.3d 440, 446, 746 N.E.2d 1092.

{¶ 31} It is clear that an order compelling a criminal defendant to receive treatment to restore the defendant to competency is a provisional remedy under the statute. R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." A proceeding "ancillary" to an action is "one that is attendant upon or aids another proceeding." Id. at 449, 746 N.E.2d 1092. The competency proceeding in this case clearly aids and is subordinate to the underlying main proceeding, which is the criminal case itself. Id. at 450, 746 N.E.2d 1092.

{¶ 32} The trial court's order also appears to have determined the action. The trial court's December 4, 2001 order initiated the treatment process to restore appellant to competency, pursuant to R.C. 2945.38(D). Appellant believes that

the court had no authority to order him into treatment at all because of alleged evidence in the record that he could not be restored to competency within the maximum time permitted for treating a defendant charged with a first degree misdemeanor crime, i.e., 60 days. Although it is possible that appellant will not be required to serve the maximum period of commitment set forth in former R.C. 2945.38(D), he will be committed and receive at least some treatment until further order of the court. Any subsequent order of the court, under the provisions of R.C. 2945.38(E), will result in a new order based on new facts arising out of appellant's treatment. Although the trial court will need to make further rulings about appellant's competency, there is nothing left for the trial court to decide with respect to its December 4, 2001 judgment, which ordered appellant into commitment and to begin treatment to restore him to competency.

{¶ 33} Further, unless the December 4, 2001 order is deemed immediately appealable, appellant will likely be unable to obtain relief if his assigned error is sustained. Appellant argues, in part, that he should not be ordered into treatment at all because he cannot be restored to competency within the brief time frame set by R.C. 2945.38(D). If appellant must wait to prosecute this appeal until some later proceeding, his appeal will almost assuredly be moot because he will have already served the maximum time of commitment, which is a mere 60 days. Therefore, this appeal fulfills all three requirements of R.C. 2505.02(B)(4) and constitutes a final, appealable order.

### Appellant's Single Assignment of Error

{¶ 34} Appellant's assignment of error asserts:

{¶ 35} "The trial court erred in failing to dismiss the charges against defendant-appellant, Nelson Ortiz."

{¶ 36} Appellant's concern in this appeal is that he should not be forced into treatment to restore his competency when he alleges that treatment cannot be successful within the maximum time allowed by R.C. 2945.38(D). Because he cannot be held for treatment, appellant continues, the criminal charge against him should be dismissed pursuant to R.C. 2945.38(C). Appellant contends that under the Ohio Supreme Court ruling in *Sullivan*, supra, a trial court cannot order a defendant to be committed unless that commitment bears a reasonable relationship to the reason for commitment. See *Sullivan*, 90 Ohio St.3d at 506, 739 N.E.2d 788, citing *Jackson v. Indiana* (1972), 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435. He argues that the purpose of the trial court's commitment order is to restore him to competency to stand trial. Appellant contends that forcing him into a treatment program that cannot be successful within the maximum time allowed by statute bears no relationship to the purpose of commitment.

{¶ 37} As appellant points out, the Ohio Supreme Court and the Supreme Court of the United States have held that continued commitment of a defendant must bear some relationship to the reason for commitment in order to avoid violating the defendant's right to due process. *Sullivan*, 90 Ohio St.3d at 506, 739 N.E.2d 788, citing *Jackson*, supra, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435.

{¶ 38} As noted earlier herein, *Sullivan* was concerned with the constitutionality of a revised version of R.C. 2945.38 that became effective on July 1, 1997. The revised statute prevented the trial court from determining whether the defendant could be restored to competency within the foreseeable future. *Sullivan* struck down the revised statute as unconstitutional based on the reasoning of *Jackson*, which held:

{¶ 39} "[A] person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Jackson*, 406 U.S. at 738, 92 S.Ct. 1845, 32 L.Ed.2d 435.

{¶ 40} *Jackson* also held that "one year is a reasonable amount of time to hold an incompetent defendant in order to restore him or her to competency to stand trial. However, if it is determined prior to or during treatment that the defendant cannot be restored to competency, continued commitment of the defendant bears no relation to the purpose for which he or she is being held." *State v. Sullivan*, 90 Ohio St.3d at 507, 739 N.E.2d 788.

{¶ 41} While dealing with a different version of the statute, there is valid law to be gleaned from *Sullivan* and *Jackson*. First, it is clear that one year is a reasonable amount of time to hold a defendant in order to restore him to competency. Second, if the state commits a person solely because of his incapacity to proceed to trial, the state must act in a reasonable amount of time to find out whether the defendant can be restored to competency. Third, the primary finding that the trial court must make is whether there is a "substantial probability" that the defendant will attain the capacity to proceed to trial within the foreseeable future.

{¶ 42} The phrase "substantial probability," in this context, means more than a mere possibility. *State v. Washington* (2001), 142 Ohio App.3d 268, 271, 755 N.E.2d 422. *Jackson* used "substantial probability" interchangeably with the phrase "substantial chance," as shown by the following passage: "one committed thereunder can be held only for a 'reasonable period of time' necessary to determine whether there is a substantial chance of his attaining the capacity to stand trial in the foreseeable future." *Jackson*, 406 U.S. at 733, 92 S.Ct. 1845, 32 L.Ed.2d 435. *Jackson* also used the phrase "probably soon" as an equivalent to

"substantial probability": "the defendant probably soon will be able to stand trial." Id. at 738, 92 S.Ct. 1845, 32 L.Ed.2d 435.

{¶ 43} "Substantial probability" of being restored to competence does not mean (as appellant apparently believes) an overwhelming likelihood that the defendant will be restored to competency. If a defendant has a fair chance of being restored to competency, this can qualify as a "substantial probability."

{¶ 44} In this appeal, appellant essentially challenges whether it is reasonable to order a defendant into treatment after some evidence is submitted that indicates he cannot be restored to competency within the maximum time permitted by the competency statute. Appellant's argument initially appears to have a certain logic. It is not reasonable to hold a person for treatment if the treatment cannot be successful within the maximum time that the person may legally be held. Furthermore, if the defendant is committed for treatment, the trial court must find that the defendant has a possibility of being restored to competency in the *foreseeable future*. Sullivan, 90 Ohio St.3d at 511, 739 N.E.2d 788, citing Burton v. Reshetylo (1974), 38 Ohio St.2d 35, 46, 67 O.O.2d 53, 309 N.E.2d 907. Because R.C. 2945.38(C) prohibits holding appellant for more than 60 days, for purposes of this appeal the relevant foreseeable future is 60 days.

{¶ 45} If there is a due process violation in detaining a defendant who cannot be restored to competency in the foreseeable future, there is also a due process violation in detaining him longer than the reasonable time necessary to determine whether he can be restored to competency within the maximum time limit set by R.C. 2945.38(D).

{¶ 46} It does not necessarily follow, though, that the trial court must use the first possible competency hearing to determine whether a defendant can be restored to competency within the maximum time allowed by R.C. 2945.38(D). The statute sets up a two-tiered review of a defendant's competency. The initial competency hearing is only designed to determine whether the defendant can be restored to competency within one year. R.C. 2945.38(D). If the defendant is found incompetent and there is a substantial probability that he will be restored to competency within one year, he may be ordered into treatment.

{¶ 47} After the court orders the defendant into treatment, the second tier of review begins. R.C. 2945.38(E). Another hearing must take place after the person who is supervising the treatment files a required report. The report must be filed, at the latest, within either 90 days or within 14 days prior to the expiration of the maximum time allowed for treatment (based on the degree of the charged crimes), whichever comes first. R.C. 2945.38(F)(1), (4). The report must also be filed when the treatment supervisor finds that the defendant is competent to stand trial or finds that there is a substantial probability that the

defendant will not be competent to stand trial. It is only after this report is filed and a subsequent hearing takes place that the trial court must determine whether "there is a substantial probability the defendant will become competent to stand trial before expiration of the time limit specified for treatment under division (D) of this section * * *." R.C. 2945.38(F). All subsequent review hearings are based on the same standards as the second hearing.

{¶ 48} Depending on the results of any subsequent review of a defendant's competency to stand trial, the court is then faced with several options; it may order the defendant to go to trial, extend treatment to maximum period allowed by the statute, or have the case dismissed without prejudice. R.C. 2945.38(F) and (G). If the case is dismissed, the defendant may be subject to civil commitment proceedings. R.C. 2945.38(C).

{¶ 49} Although the competency statute does not explicitly require the court to determine, at the initial competency hearing, whether there is a substantial probability that the defendant will be restored to competency within the maximum time allowed by the statute, the statute does not appear to prohibit this finding. R.C. 2945.38(D), at first glance, seems to give the trial court no discretion if the court finds both that the defendant is incompetent and that there is a substantial probability that he will be restored to competency within one year. The statute uses imperative language: "the court *shall* order the defendant to undergo treatment * * *." (Emphasis added.) R.C. 2945.38(D). On the other hand, a subsequent section of the statute discusses how the court may dispose of the matter during the second or subsequent review hearings: "the court may modify or continue in effect orders made at a previous hearing, *still subject to the maximum time that orders may be in effect, as originally established under division (D) of this section.*" (Emphasis added.) R.C. 2945.38(F). This section makes it clear that the initial decision to commit a defendant for treatment is subject to the maximum treatment periods set forth in R.C. 2945.38(D). If the trial court must take into account the maximum treatment periods in its initial decision ordering treatment, the court surely must be able to take into account evidence relating to the maximum treatment periods. It also follows that the trial court would be free to rule in its first judgment entry ordering commitment that it was inappropriate to order treatment because it could not be completed within the maximum time allowed by the statute.

■ {¶ 50} We find no due process violation in the procedure set up by the legislature. At no point will a defendant be held more than 90 days at most or more than 14 days prior to the expiration of the maximum treatment period before receiving subsequent review of his competency status. The legislature has apparently decided to allow the trial judge an opportunity to obtain a report from a person actually treating the defendant. Once this report is obtained, the judge

is then *required* to decide whether treatment will take longer than the maximum time allowed by the statute. Of course the statute does not prohibit the court from making the determination at the initial competency hearing whether or not the defendant is likely to regain competency prior to the time limits set by R.C. 2945.39(D). There is nothing unreasonable in this approach, and it certainly falls within the time frame described in *Sullivan* and *Jackson*.

{¶ 51} Federal courts have upheld the constitutionality of the mandatory evaluation periods (up to a maximum of four months) contained in federal commitment proceedings. *United States v. Donofrio* (C.A.11, 1990), 896 F.2d 1301, 1302–1303, *United States v. Shawar* (C.A.7, 1989), 865 F.2d 856, 863–864.

{¶ 52} Given Ohio's statutory scheme, appellant's assignment of error must be placed in context. The alleged error asks us to determine whether a due process violation occurs if at the initial competency hearing the evidence indicates that appellant cannot be restored to competency within the maximum time allowed by the statute and the trial court nevertheless orders appellant to begin treatment. We agree that this scenario would present a due process violation, pursuant to *Jackson*.

{¶ 53} There is a further issue inherent, however, as to what degree of proof is needed to show that a defendant cannot be restored to competency within the maximum time allowed by the statute and who bears the burden of providing that proof. Appellant argues that the burden of proof is on the state to show by clear and convincing evidence that there is a substantial probability that he may be restored to competency within the time allowed by the statute. We do not agree with this proposition.

{¶ 54} A criminal defendant is always presumed to be competent to stand trial, and the burden of proof is on the criminal defendant to establish his incompetency. "The burden of establishing incompetence to stand trial is upon appellant. See *State v. Williams* (1986), 23 Ohio St.3d 16, 19, 23 OBR 13, 16, 490 N.E.2d 906, 917, citing *State v. Chapin*, 67 Ohio St.2d 437, 21 O.O.3d 273, 424 N.E.2d 317." *State v. Stanley* (1997), 121 Ohio App.3d 673, 685, 700 N.E.2d 881.

{¶ 55} "The United States Supreme Court has held that a state may, as Ohio does, presume competence and place the burden on the defendant to prove his incompetence by a preponderance of the evidence without violating due process. *Medina v. California* (1992), 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353." *In re Williams* (1997), 116 Ohio App.3d 237, 245, 687 N.E.2d 507; *State v. Williams* (1986), 23 Ohio St.3d 16, 19, 23 OBR 13, 16, 490 N.E.2d 906, 917.

{¶ 56} If the trial court finds that the defendant is incompetent to stand trial, R.C. 2945.38(D) places no burden on the state to prove anything. If the trial court decides at the initial hearing to order the defendant into treatment,

there is support in the statutory language to place the burden on the trial court to make a finding that the defendant has a substantial probability of being restored to competency within one year. This finding may be based on any evidence that has been presented "through a review of the report of an examiner or otherwise." R.C. 2945.38(D).

{¶ 57} If, as here, a defendant wants the court to make, at this initial hearing, a further finding with regard to the maximum time for treatment allowed by statute, the burden is certainly on the defendant to present evidence sufficient for the court to make this further ruling. The burden is necessarily placed on the defendant in such instances because this additional finding is not required at the first competency hearing either by statute or by constitutional principles of due process. In other words, a defendant would be required to move for this further determination and support this motion with additional evidence because such a decision is outside the purpose of an initial competency hearing. Only at any subsequent competency hearing does the court focus on a maximum statutory treatment period.

{¶ 58} The record reflects that appellant asked the trial court to specifically consider whether appellant could be restored to competency within the maximum time allowed for treatment stated in R.C. 2945.38(D). The trial court did not expressly state whether or not appellant could be restored to competency within 60 days. The trial court ordered appellant to be transported to Northcoast Behavioral Health Care Systems for treatment. At this initial hearing, the only statutory finding required of the trial court in order to commit appellant for treatment was that there was a substantial probability that appellant could be competent to stand trial within one year. R.C. 2945.38(D). The court's entry cites that relevant part of the statute and underlined it. Thus, it appears to be the court's finding that appellant could be restored to competency within one year.

{¶ 59} There are several reasons why the trial court in this matter may have failed to expressly rule that appellant could or could not be restored to competency within 60 days. We must presume that the trial court either (1) did not find sufficient evidence to warrant making such a ruling or (2) did not believe that there was a preponderance of the evidence to support a finding that there was less than a "substantial probability" (i.e., less than a reasonable chance) that appellant would be restored to competency within 60 days.

{¶ 60} A reviewing court presumes the correctness of a trial court's decision and presumes that the judge considered and properly applied all applicable law. *Horton v. Dayton* (1988), 53 Ohio App.3d 68, 70, 558 N.E.2d 79. If there is competent and credible evidence supporting a trial court's decision, a reviewing

court will usually respect that decision and uphold it on appeal. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.

{¶ 61} Ultimately, this matter turns on whether appellant presented or clearly pointed to evidence that showed less than a reasonable chance that appellant would be restored to competency within 60 days. Our review of the record reveals that he did not.

{¶ 62} The record contains competent and credible evidence supporting the trial court's decision to order appellant into treatment. Dr. Stanley J. Palumbo, the doctor who evaluated appellant, testified at the July 31, 2001 competency hearing. Dr. Palumbo clearly stated his opinion as to how long it would take appellant to be restored to competency: "in [appellant's] case, it would be more like two or three months." Although Dr. Palumbo gave other answers that were not as firm as the testimony just quoted, the trial court may have believed the quoted testimony as the most reliable opinion of the witness. Matters concerning the credibility of witnesses and the relative weight of the evidence are best left to the trier of fact to determine. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

{¶ 63} If appellant could be restored to competency in two or three months, there is a significant chance that he could be restored to competency prior to the maximum time allowed by R.C. 2945.38(D) for appellant to be treated—60 days. Given Dr. Palumbo's testimony at this initial hearing, it was reasonable for the trial court to allow a professional to begin to treat appellant to see whether there really was a substantial probability that two months would be enough time to restore appellant to competency to stand trial. The record before us does not compel a conclusion that appellant had little or no chance to be restored to competency within the 60 days allowed.

{¶ 64} We find that the record supports the trial court's judgment. Appellant's sole assignment of error is overruled, and the trial court's judgment is affirmed.

Judgment affirmed.

VUKOVICH, J., concurs.

DeGENARO, J., dissents.

DeGENARO, Judge, dissenting.

{¶ 65} I have no dispute with the majority's statement of the law in this case. The majority accurately and comprehensively describes the law applicable to this case and demonstrates why Ohio's statutory scheme does not violate due process. My only disagreement with the majority is its application of that law to the facts in this case. The majority concludes that there was competent, credible evidence

supporting a finding that there was a substantial probability that appellant would be restored to competency within 60 days. At the hearing, the doctor testified that it would probably take more than two months to restore appellant to competency. Clearly, testimony that a defendant will probably not be restored to competency within two months falls short of establishing a substantial probability that the defendant will be restored to competency within 60 days. Rather, it demonstrates the lack of a substantial probability that appellant will be so restored. Thus, I must respectfully dissent from the majority's opinion.

{¶ 66} In order to explain my disagreement with the majority's conclusion, I must quote more of Dr. Palumbo's testimony than is provided in the majority opinion:

{¶ 67} "Q: How long would it take with the appropriate medications and in-hospital, I guess you'd say, to restore [appellant] to competency?

{¶ 68} "A: It's variable. It could take as little as two months or it could take longer, six months perhaps. I would think in [appellant]'s case, it would take more like two or three months.

{¶ 69} "Q: So you cannot state then that he could be restored with [sic] a two month time frame?

{¶ 70} "A: I could not, no.

{¶ 71} "Q: And in fact, you said two months, three months, six months, with two months being the least amount of time, correct?

{¶ 72} "A: Well, research would bear out those times, but that was based on older research. The medications available now are much better than in the past.

{¶ 73} "Q: Would it be fair to say that in your opinion it would take longer than two months to restore him to competency?

{¶ 74} "A: It might take longer than that. I couldn't tell you.

{¶ 75} "Q: Is it fair to say it wouldn't take less than two months?

{¶ 76} "A: This would be accurate probably."

{¶ 77} Given this testimony, I simply cannot agree with the majority's conclusion that the trial court was correct when it found that appellant failed to demonstrate that there was not a substantial probability that he would be restored to competence within 60 days. This is not a matter of credibility or relative weight of the evidence. Dr. Palumbo testified that it would probably take more than two months to restore appellant to competency and that two months was the minimum amount of time he expected it would take. There is nothing to believe or disbelieve about his testimony. There is nothing to weigh that testimony against. When viewed in its entirety, it demonstrates that there

is not a substantial probability that appellant will be restored to competency within 60 days.

{¶ 78} Thus, I would conclude that appellant's third assignment of error is meritorious.