THE STATE OF OHIO, APPELLEE, *v.* UPSHAW, APPELLANT.

[Cite as *State v. Upshaw,* 110 Ohio St.3d 189, 2006-Ohio-4253.]

(No. 2005–1047—Submitted April 26, 2006—Decided August 30, 2006.)

LANZINGER, J.

{¶ 1} This case resolves a conflict between the Second and Seventh Districts over the characterization of an order finding a defendant to be incompetent to stand trial and committing him to a treatment facility. We hold that such an order is final and appealable.

*Case Procedure*

{¶ 2} The appellant, Raymond L. Upshaw, was indicted in Clark County in September 2004 on two counts of felonious assault and one count of abduction, along with firearm specifications. Contrary to Upshaw's wishes, his court-appointed attorney entered a plea of not guilty by reason of insanity and filed a motion asking for a mental evaluation to determine Upshaw's competency to

stand trial. Upshaw was evaluated by Scott T. Kidd, a clinical psychologist, who afterwards provided a written report. Although Kidd stated that Upshaw had factual competence, was oriented to person, place, time, and situation, did not show perceptual disturbances during the interview, accurately pointed out the location of key court participants on a courtroom map, had a clear understanding of the roles of his attorney, the prosecutor, and witnesses, was aware that he would not have to testify, identified various pleas and had a basic understanding of plea bargaining, was aware that he was charged with felonies, could identify his attorney by name and knew that he was court-appointed, and "clearly [had] sufficient factual knowledge of the legal proceedings against him," Kidd stated that his opinion was that Upshaw was incompetent to stand trial. The report concluded that Upshaw was "experiencing delusional thinking that would likely impair his ability to work collaboratively with his attorney."

{¶ 3} A competency hearing was held on March 8, 2005. Kidd's report was entered into evidence with stipulations as to its findings. Although Upshaw spoke to the court of his desire to proceed to trial on a plea of not guilty, no witness was called and no other evidence entered.

{¶ 4} After the hearing, the trial court entered an order finding that Upshaw suffered from a mental disease and that he was "not able to comprehend the nature and seriousness of the charge," was not "able to understand the nature of the legal proceedings against him," and was "not able to assist his attorney in a rational manner in developing a defense and he would not be able to participate in a meaningful manner in court proceedings." The court thus found Upshaw incompetent to stand trial, but did not determine whether he could be restored to competency during the statutory time.[1] See R.C. 2945.38(B)(1)(a) and (B)(2). Nevertheless the court ordered Upshaw, who was then out on bond, committed to the locked section of the hospital at Twin Valley Behavioral Healthcare, Dayton Campus, beginning April 5, 2005, for the restoration of his competency pursuant to R.C. 2945.38(D).

{¶ 5} Upshaw obtained new counsel and filed motions for reconsideration, a second competency evaluation, and a stay, all of which were denied.

{¶ 6} Upshaw then appealed to the Second District Court of Appeals, but his appeal was dismissed on jurisdictional grounds for lack of a final, appealable order.[2] At Upshaw's request, the Second Appellate District certified its decision

---

1. It appears that this is a violation of Upshaw's due process rights. See *State v. Sullivan* (2001), 90 Ohio St.3d 502, 739 N.E.2d 788. Although this is not a point directly before us, the issue may be considered at the appropriate time, if need be, upon the remand for rehearing.

2. Since then, the court of appeals reversed an order granting forced medication. *State v. Upshaw,* 166 Ohio App.3d 95, 2006-Ohio-1819, 849 N.E.2d 91.

as being in conflict with the decision of the Seventh Appellate District in *Youngstown v. Ortiz,* 153 Ohio App.3d 271, 2003-Ohio-2238, 793 N.E.2d 498. We recognized that a conflict exists.[3] The question certified is "[w]hether an order that finds a defendant to be incompetent to stand trial and that commits him to a treatment facility, but does not order the administration of anti-psychotic medication, is a final appealable order." We hold that it is.

### Court of Appeals' Jurisdiction

{¶ 7} Section 3(B)(2), Article IV of the Ohio Constitution grants Ohio's appellate courts subject-matter jurisdiction over decisions of lower courts if, among other matters, those decisions are final orders or judgments. Previously, from 1953 until 1987, R.C. 2505.02 read: "An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial." 141 Ohio Laws, Part II, 3597. This version of the statute was more restrictive concerning what constitutes a final, appealable order than the one currently in effect.

{¶ 8} In dismissing Upshaw's appeal, the Second District Court of Appeals relied on a case interpreting former R.C. 2505.02 in which we held that an order finding a defendant incompetent to stand trial is not a final, appealable order. *State v. Hunt* (1976), 47 Ohio St.2d 170, 1 O.O.3d 99, 351 N.E.2d 106. We concluded in *Hunt* that a finding of incompetency was "merely preliminary and collateral to the main issue of the guilt or innocence of the accused, and to allow an appeal would only serve to delay a determination on the criminal charges." Id. at 172, 1 O.O.3d 99, 351 N.E.2d 106. The court of appeals also discussed *State v. Muncie* (2001), 91 Ohio St.3d 440, 446, 746 N.E.2d 1092, in which we held that when a trial court orders an incompetent defendant to be forcibly medicated with psychotropic drugs in an effort to restore the defendant to competency, that order is final and appealable. Id. at paragraph two of the syllabus. The court of appeals distinguished *Muncie* because the trial court had not ordered Upshaw to be given antipsychotic medication without his consent pursuant to R.C. 2945.38(B)(1)(c).[4]

---

3. Upshaw's discretionary appeal on other issues in case No. 2005–1048 was not accepted. Nor was his request for a stay pending appeal granted in the instant case.

4. When this order was entered against Upshaw, the court of appeals reversed because the trial court failed to make the appropriate findings required by *Sell v. United States* (2003), 539 U.S. 166, 123 S.Ct. 2174, 156 L.Ed.2d 197. *State v. Upshaw,* 166 Ohio App.3d 95, 2006-Ohio-1819, 849 N.E.2d 91, ¶ 31–32.

{¶ 9} The Seventh District Court of Appeals, in its judgment certified as conflicting with the Second District's, reviewed the 1998 amended version of R.C. 2505.02 and held that a finding of incompetency to stand trial was a final, appealable order. *Youngstown v. Ortiz*, 153 Ohio App.3d 271, 2003-Ohio-2238, 793 N.E.2d 498, ¶ 19–33. We agree with the reasoning of the Seventh District. Effective July 22, 1998, the General Assembly passed Sub.H.B. No. 394, enacting a new division, R.C. 2505.02(B)(4), which expanded the definition of final order:

{¶ 10} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 11} " * * *

{¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." 147 Ohio Laws, Part II, 3277, 3278.

{¶ 15} Thus, pursuant to expanded R.C. 2505.02(B)(4), for an order to qualify as a final appealable order, the following conditions must be met: (a) the order must grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3), (b) the order must determine the action with respect to the provisional remedy so as to prevent judgment in favor of the party prosecuting the appeal, and (c) a delay in review of the order until after final judgment would deprive the appellant of any meaningful or effective relief. See *State v. Muncie*, 91 Ohio St.3d at 446, 746 N.E.2d 1092. We must determine whether an order such as that issued in Upshaw's case is final and appealable under the three conditions of R.C. 2505.02(B)(4). If so, the court of appeals has jurisdiction to review a finding of incompetency and an order of commitment.

### *Application of R.C. 2505.02(B)(4)*

{¶ 16} First, an order that finds a criminal defendant incompetent to stand trial and compels treatment to restore the defendant to mental competency is a provisional remedy. R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence." A proceeding "ancillary" to an action is " 'one that is attendant upon or aids another proceeding.' " *Muncie*, 91 Ohio St.3d at 449, 746 N.E.2d 1092, quoting *Bishop v. Dresser Industries, Inc.* (1999), 134 Ohio App.3d 321, 324, 730 N.E.2d 1079. Until an incompetent individual is found to be mentally

competent, a criminal action must be halted, assuming that competency is restorable within the statutory period. R.C. 2945.38(B). If the possibility of restoration does not exist, the criminal matter may be dismissed in favor of probate civil commitment as provided in R.C. 2945.39. As we explained in *State v. Sullivan* (2001), 90 Ohio St.3d 502, 507, 739 N.E.2d 788, "the purpose of the treatment is to assist the defendant in attaining competency to stand trial." The competency proceeding in this case clearly aids and is subordinate to the underlying main proceeding, which is the criminal case itself.

{¶ 17} Second, the trial court's order in finding Upshaw incompetent has determined the competency proceeding. The trial court's March 31, 2005 order required Upshaw to present himself to Twin Valley, a lock-down facility, to begin treatment pursuant to R.C. 2945.38(D). Although it is possible that Upshaw could be released eventually upon a finding of competency and the criminal action then could recommence, it is important to recognize that Upshaw's liberty is affected by the order of commitment because of the finding of incompetency. Whether later rulings may be made are irrelevant to the fact of Upshaw's commitment to an institution by the court. That is the final determination adverse to Upshaw.

{¶ 18} Finally, unless this order is deemed immediately appealable, Upshaw will be unable to obtain meaningful relief. He has maintained that he is competent to withstand prosecution and that he wants to go to trial. If he is correct that his confinement was mistaken, without immediate judicial review, that mistake is uncorrectable. If eventually he is found competent to stand trial and is convicted, the commitment order could be reviewed on appeal, but any relief granted for the issuance of an erroneous order would be moot. If he is acquitted at trial, the lack of a remedy is even clearer. As the Second Circuit has stated in reasoning that these orders should be reviewed immediately, "Whether or not the conviction were set aside, nothing could recover for the defendant the time lost during his confinement; probably no one could be held liable to him in damages for the loss of his liberty." *United* States *v. Gold* (C.A.2, 1986), 790 F.2d 235, 239. Orders committing a defendant to treatment are just as final as those forcing medication during that treatment. See *Muncie,* 91 Ohio St.3d at 444, 746 N.E.2d 1092. An order confining a criminal defendant to treatment to restore mental competency need not be coupled with an order for forced medication before it becomes a final order within the meaning of R.C. 2505.02(B)(4). Because the Second District dismissed Upshaw's appeal based on its reliance upon *State v. Hunt,* 47 Ohio St.2d 170, 1 O.O.3d 99, 351 N.E.2d 106, which interpreted the *former* version of R.C. 2505.02, we limit *Hunt* to its facts.

{¶ 19} The certified question is answered in the affirmative. We hold that an order finding a criminal defendant incompetent to stand trial and committing the

defendant to an institution for the restoration of mental competency is a final, appealable order under R.C. 2505.02(B)(4). We therefore reverse the judgment and remand this cause to the Second District Court of Appeals for further proceedings.

Judgment accordingly.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

RESNICK and O'DONNELL, JJ., concur in judgment only.

———

Stephen A. Schumaker, Clark County Prosecuting Attorney, Daniel P. Driscoll, and William H. Lamb, Assistant Prosecuting Attorneys, for appellee.

Law Office of John J. Scaccia, John J. Scaccia, Shawn P. Hooks, and Adelina E. Hamilton, for appellant.