JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Joseph McGrath, the relator, has filed a complaint for a writ of mandamus, a writ of prohibition, and a writ of procedendo. Specifically, McGrath "demands the issuance of a writ of mandamus voiding the trial court judgment rendered on 4-23-07/5-1-07 declaring the plaintiff incompetent, a writ of prohibition restraining the defendants from transporting plaintiff to Northcoast Behavioral Health Care Cleveland Campus and a writ of procedendo compelling the trial court to rule on all pending motions." Judge Jose Villanueva and Gerald T. McFaul, Cuyahoga County Sheriff, the respondents, have filed two motions to dismiss, which we grant for the following reasons.
 THE FACTS {¶ 2} McGrath, in State v. McGrath, Cuyahoga County Court of Common Pleas Case No. CR-493644, was indicted for one count of menacing by stalking (R.C. 2903.211). In State v. McGrath, Cuyahoga County Court of Common Pleas Case No. CR-494433, McGrath was indicted for one count of burglary (R.C. 2911.11), one count of vandalism (R.C. 2909.05), and one count of domestic violence (R.C. 2919.25). On May 1, 2007, McGrath was declared incompetent to stand trial in both CR-493644 and CR-494433, and was further ordered placed in the care of the Northcoast Behavioral Healthcare Systems for treatment and competency restoration pursuant to R.C. 2945.371.[1] On May 25, 2007, McGrath *Page 4 
filed his complaint for a writ of mandamus, a writ of prohibition, and a writ of procedendo.
 PROCEDURAL DEFECTS {¶ 3} McGrath's complaint for a writ of mandamus, prohibition, and procedendo is procedurally defective and must be dismissed for the following reasons. Initially, we find that McGrath has failed to comply with R.C. 2969.25, which requires the attachment of a sworn and notarized affidavit to his complaint that describes each civil action or appeal filed within the previous five years in any state or federal court. McGrath's failure to comply with R.C. 2969.25 warrants the dismissal of the complaint. State ex rel. Zanders v. Ohio ParoleBd., 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; Alford v.Winters, 80 Ohio St.3d 285, 1997-Ohio-117, *Page 5 685 N.E.2d 1242. It must also be noted that McGrath has failed to strictly comply with Loc.App.R. 45(B)(1)(a), which mandates that his complaint be supported by a sworn and notarized affidavit, that specifies the details of his claims. The failure of McGrath to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires the dismissal of his complaint. State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 4} Notwithstanding the procedural defects as contained with McGrath's complaint, we find that McGrath has failed to establish that he is entitled to a writ of mandamus, a writ of prohibition, or a writ of procedendo.
 COMPLAINT FOR A WRIT OF MANDAMUS {¶ 5} McGrath, through his complaint for a writ of mandamus, seeks an order from this court which voids two judgments as rendered by Judge Villanueva: (1) judgment of March 28, 2007, which referred McGrath to the court psychiatric clinic for a competency and sanity hearing; and (2) judgment of May 1, 2007, which found that McGrath was incompetent to stand trial and further ordered his transportation to the Northcoast Behavioral Healthcare Systems Cleveland Campus for treatment and competency restoration. In order for this court to issue a writ of mandamus, McGrath must establish each prong of the following three-part test: (1) McGrath possesses a clear legal right to the requested relief; (2) Judge Villanueva possesses a clear legal duty to perform the requested relief; and (3) there exists no adequate remedy in the ordinary course of the law. Mandamus is an extraordinary remedy *Page 6 
which is to be exercised with caution and issued only when the right is clear. Mandamus will not issue in doubtful cases. State ex rel. Taylorv. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shaferv. Ohio Turnpike Com. (1953), 159 Ohio St. 581, 113 N.E.2d 14; State exrel. Connole v. Cleveland Bd. of Edn. (1993), 87 Ohio App.3d 43,621 N.E.2d 850. Herein, McGrath has failed to present any supporting authority that he possesses any right or that Judge Villanueva possesses any duty, which requires this court to void the orders of a competency evaluation and competency restoration treatment. Cf. Mauer v. CuyahogaCty. Court of Common Pleas, Cuyahoga App. No. 89858, 2007-Ohio-3641;State ex rel. Crissman v. Judge O'Malley, Cuyahoga App. No. 88574,2006-Ohio-4776. It must also be noted that Judge Villanueva's determination of incompetency to stand trial and order of commitment was a final appealable order that could have been appealed to this court.State v. Upshaw, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711;Youngstown v. Ortiz, 153 Ohio App.3d 271, 2003-Ohio-2238,793 N.E.2d 498. Thus, we find that McGrath is not entitled to a writ of mandamus.
 COMPLAINT FOR A WRIT OF PROHIBITION {¶ 6} McGrath, through his complaint for a writ of prohibition, seeks an order from this court which prevents his transportation to the Northcoast Behavioral Healthcare Systems, Cleveland Campus Court Evaluation Unit, for treatment and competency restoration. For a writ of prohibition to issue, McGrath must demonstrate that: (1) that the court against whom it is sought is about to exercise judicial power; (2) that the exercise of such power is authorized by law; and (3) that, *Page 7 
if the writ is denied, he will suffer injury for which no other adequate remedy exists. State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160, 540 N.E.2d 239; State ex rel. Fyffe v. Pierce (1988),40 Ohio St.3d 8, 531 N.E.2d 673. Herein, McGrath has failed to establish each prong of the aforesaid three-part test. Judge Villanueva has already exercised judicial power by determining that McGrath is incompetent to stand trial and is in need of treatment. In addition, Judge Villanueva, pursuant to R.C. 2945.37, 2945.371, 2945.38, 2945.39, 2945.40, and 2945.401, possessed the necessary jurisdiction to determine whether McGrath was competent to stand trial and the need for treatment. Finally, McGrath possessed an adequate remedy at law, through a direct appeal, with regard to the determination of competency to stand trial and the need for treatment. State ex rel. Downs v. Panioto, 107 Ohio St.3d 347,2006-Ohio-8, 839 N.E.2d 911. McGrath is not entitled to a writ of prohibition.
 COMPLAINT FOR A WRIT OF PROCEDENDO {¶ 7} McGrath, through his complaint for a writ of procedendo, seeks an order from this court which compels Judge Villanueva to immediately issue rulings with regard to the numerous pro se motions that were filed in Cuyahoga County Case Nos. CR-493644 and CR-494433. In order for this court to issue a writ of procedendo, McGrath must demonstrate that he possesses a clear legal right to the relief requested and that there exists no adequate remedy in the ordinary course of the law. State exrel. Brown v. Shoemaker (1988), 38 Ohio St.3d 344, 528 N.E.2d 188. McGrath must also demonstrate that Judge Villanueva possesses a clear legal duty, which requires him to proceed to judgment. State ex rel.Cochran v. Quillin *Page 8 
(1969), 20 Ohio St.2d 6, 251 N.E.2d 607. Finally, a writ of procedendo is appropriate when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Doe v.Tracy (1988), 51 Ohio App.3d 198, 555 N.E.2d 674.
 {¶ 8} McGrath, in Cuyahoga County Court of Common Pleas Case Nos. CR-493644 and CR-494433, has filed numerous pro se motions, which have not been ruled upon by Judge Villanueva. It appears from the record, in the two underlying criminal actions, that the oldest pending pro se motions were filed no earlier than March 23, 2007. The most recent pro se motions, as filed by McGrath, were filed on June 22, 2007. As of the date of this entry, a period of not more than five months has passed since the filing of the earliest motions. A lapse of five months does not constitute an unreasonable delay on the part of Judge Villanueva, which requires the intercession of this court. State ex rel. Bunting v.Haas, 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359; State ex rel.Levin v. Sheffield Lake (1994), 70 Ohio St.3d 104, 1994-Ohio-385,637 N.E.2d 319; State ex rel. Turpin v. Stark Cty. Court of CommonPleas (1966), 8 Ohio St.2d 1, 220 N.E.2d 670. Thus, we find that McGrath is not entitled to a writ of procedendo vis-a-vis the motions that are pending in Cuyahoga County Court of Common Pleas Case Nos. CR-493644 and CR-494433.
 {¶ 9} Accordingly, we grant the motions to dismiss as jointly filed on behalf of Judge Villanueva and Sheriff McFaul. Costs to McGrath. It is further ordered that *Page 9 
the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B). Complaint for mandamus, prohibition, and procedendo dismissed.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR
[1] The order of Judge Villanueva, as journalized on May 1, 2007, in CR-493644 and CR-494433, provided that: "Defendant in court. Counsel Ruth R Fischbein-Cohen present. Prosecutor(s) Robert Botnick present. On a former day, the defendant was referred for a competency evaluation. The court has received a competency evaluation from the Court Psychiatric Clinic dated 4/16/07. Both the state and defense stipulate to this report and waive cross examination of the doctor. Based on the opinion of Dr. Susan Hatters-Frieman, M.D. Psychiatrist, the court finds that the defendant is incompetent to stand trail [sic]. Pursuant to ORC Section 2945.371 (B), the court orders defendant to Northcoast Behavioral Healthcare Systems-Cleveland Campus-Court Evaluation Unit for treatment and competency restoration as the least restrictive treatment alternative consistent with the treatment needs of the defendant and the safety of the community. The defendant is ordered to comply with all recommended treatment and prescribed medications including the use of long-acting, injectible and psychotic medications. Defendant will be remanded to Cuyahoga County Jail until a bed is available. Sheriff ordered to transport defendant to NBHS-CC upon notification by CCCMHB forensic liaison that a bed is available. In the event that defendant requires non-emergency medical care, the defendant is hereby granted level 4 movement allowing staff of NBHS-CC to escort the defendant to, during, and from the appropriate medical care facility for medical treatment. The defendant shall be transported back to Cuyahoga County Jail as soon as the forensic examiner opines that the defendant is capable of adequate court participation or is determined to be unrestorable. A cover letter accompanying the report is to describe outpatient treatment recommendations, the arrangements that have been made for treatment, as well as the name of a contact person at the outpatient facility that will provide the services to the defendant." *Page 1