[Cite as *State v. Blankenship*, 2019-Ohio-1304.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.   2019-A-0018** |
| KELSIE MARIE BLANKENSHIP | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2018 CR 00664.

Judgment:  Appeal dismissed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Marie Lane*, Ashtabula County Public Defender, 4817 State Road, Suite 202, Ashtabula, OH  44004 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}    Appellant stands indicted on two counts of murder, one count of felonious assault, one count of domestic violence, and three counts of endangering children.  The trial court granted appellee's motion for a competency evaluation of appellant. Appellant appeals that ruling.  As this court lacks jurisdiction, the appeal is dismissed.

{¶2}    Appellant argues the appealed judgment is a final appealable order. Appellee argues to the contrary and seeks dismissal.

{¶3} "The Ohio Constitution grants courts of appeals jurisdiction 'to review and affirm, modify, or reverse judgments or final orders.'" *Smith v. Chen,* 142 Ohio St.3d 411, 2015-Ohio-1480, ¶8, quoting Ohio Constitution, Art. IV, Sec. 3(B)(2); R.C. 2953.02 (a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a final judgment or order); R.C. 2505.02.

{¶4} An order finding a party incompetent to stand trial and committing him or her to an institution is a final appealable order. *State v. Upshaw,* 110 Ohio St.3d 189, 2006-Ohio-4253. However, an order requiring a defendant to undergo a competency evaluation is not a final appealable order. *State v. Eyajan*, 11th Dist. Ashtabula Nos. 2019-A-0005, 2019-A-0006, 2019-A-0007, 2019-A-0008, 2019-A-0009, 2019-A-0010, 2019-Ohio-419. Similarly, an order finding a party competent to stand trial is not a final appealable order because an appeal after disposition of the case provides an adequate remedy. *State v. Shine,* 7th Dist. Mahoning No. 15 MA 0210, 2016-Ohio-1445; *In the Matter of J.W.,* 11th Dist. Geauga No. 2009-G-2939, 2010-Ohio-707.

{¶5} In her memorandum, appellant contends that the appealed order is final and qualifies as a provisional remedy under R.C. 2505.02(B)(4) because it requires disclosure of protected attorney-client communication. Appellant, however, has not been ordered to disclose communications with her attorney. Moreover, although a competency determination is a provisional remedy, this finding alone does not satisfy R.C. 2505.02(B)(4). Instead, to constitute a final order, a provisional remedy must, absent immediate appeal, deny appellant a meaningful and effective remedy. *In re J.W.*, 11th Dist. Geauga No. 2009-G-2939, 2010-Ohio-707, ¶15.

**{¶6}** Therefore, the appeal is hereby dismissed for lack of a final appealable order.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.