OPINION
{¶ 1} Appellee Randall S. Kushner filed a complaint against Appellant StubHub, Inc. ("StubHub"), in the Mahoning County Court of Common Pleas alleging breach of oral contract and other related claims. The dispute surrounds Appellee's attempted purchase of 19 tickets to the 2005 Masters Golf Tournament from StubHub, an internet ticket brokering company. Appellee alleged that StubHub failed to deliver the full order in a timely manner pursuant to a telephone agreement; that he returned the tickets to StubHub; and that StubHub nevertheless billed his American Express credit card in the amount of $72,506.70. StubHub filed a motion to stay proceedings pending arbitration, referring to an arbitration clause that was part of its internet website user agreement. StubHub argued that Appellee became bound by its arbitration clause when he signed up to use the website and have access to its services.
 {¶ 2} Appellee, in contrast, argued that his contract with StubHub was not completed through its website. Instead, the parties formed a separate oral telephone agreement initiated by a StubHub agent. Appellee contends that the online user agreement and arbitration clause were not part of the oral telephone contract.
 {¶ 3} The Mahoning County Court of Common Pleas denied the motion for stay, and the issue on appeal is whether there is an enforceable arbitration clause requiring a stay of proceedings pending arbitration.
 {¶ 4} The record reflects that Appellee originally attempted to order tickets through StubHub's website, but that this order was cancelled in its entirety. StubHub subsequently made a new offer by telephone for different tickets to the golf *Page 2 
tournament. There is no indication that the agent who initiated this oral purchase order discussed or demanded arbitration as one of the terms of the oral transaction. The wording of StubHub's online user agreement indicates that it applies only to "online" purchases made through its website. The transaction in dispute between the parties is not covered by the online user agreement, and StubHub is not entitled to enforce the arbitration clause for a purchase made outside of the website. The judgment of the trial court was correct and is hereby affirmed.
 CASE HISTORY {¶ 5} On March 30, 2005, Appellee searched the online database of StubHub for 19 tickets for the Masters Golf Tournament, which was scheduled to start on April 7, 2005. StubHub is a ticket brokering service, connecting persons or entities holding tickets they wish to sell to persons or entities wishing to purchase tickets for various events, primarily sporting events and concerts. Appellee is also in the business of supplying event tickets to clients, and he describes his business as a ticket brokerage service. His business is called "Events on Tap.com".
 {¶ 6} Appellee made three separate offers to purchase tickets using StubHub's online website. Appellee received emails from StubHub stating that the transaction would not be complete until he received a confirmation email from StubHub within 24 to 48 hours. Appellee called StubHub for an assurance that the 19 tickets would be delivered by April 1, 2005. The StubHub agent contacted the sellers, and then called Appellee to say that the three sets of tickets were no longer *Page 3 
available. The agent was requested to cancel the order. The agent did cancel the order. There is no dispute that the initial, online order was cancelled in full.
 {¶ 7} An agent for StubHub, Mr. Gross, subsequently contacted Appellee by telephone and orally offered to locate tickets for him from sources outside of StubHub's website. (8/18/06 Tr., p. 7.) Appellee contends that he accepted the agent's offer on the condition that the tickets would be delivered by April 1, 2005. Appellee later received emails stating that 16 tickets would be mailed overnight through FedEx with an expected delivery date of April 1, 2005.
 {¶ 8} Appellee received only four tickets on April 1, 2005. He received eight more tickets on April 4, 2005. Appellee telephoned the StubHub agent, Mr. Gross, on April 4, 2005. He told Mr. Gross that because he had not received the complete order by April 1, 2005, as required, he was returning all twelve tickets to StubHub. StubHub received the twelve tickets on April 5, 2005.
 {¶ 9} On April 6, 2005, Appellee received an additional four tickets. He returned those tickets to StubHub the same day, and they were received by StubHub on April 7, 2005.
 {¶ 10} StubHub resold the tickets, apparently for $18,400. StubHub also billed Appellee's American Express credit card in the amount of $72,506.70 for the sixteen tickets that were sent to him.
 {¶ 11} On March 24, 2006, Appellee filed a complaint in the Mahoning County Court of Common Pleas for breach of contract, failure to refund purchase money, *Page 4 
intentional interference with contractual relations, defamation, and unjust enrichment. On May 30, 2006, StubHub filed a motion to stay proceedings and compel arbitration.
 {¶ 12} On June 29, 2006, Appellee filed a memorandum in opposition to the motion for stay, and a request for oral hearing. The parties filed additional motions and responses with respect to the motion for stay of proceedings. The trial court then assigned the matter to a magistrate.
 {¶ 13} An oral hearing was held before the magistrate on August 18, 2006. On August 30, 2006, the magistrate filed his decision. The magistrate found that Appellee registered as a user of StubHub's website on March 30, 2005. He found that Appellee attempted to purchase 19 tickets from StubHub's website, and that the order was cancelled. He found that an agent of StubHub, via telephone, offered to locate tickets from a different source. He found that Appellee specifically conditioned his purchase by requiring delivery of the tickets by April 1, 2005. The magistrate found that only 4 tickets arrived by April 1, 2005, with another 12 tickets arriving on April 4 and April 6. Appellee returned 12 tickets on April 4th, and returned the remaining 4 tickets on April 6th. The magistrate examined the user agreement and the arbitration clause, and determined that the user agreement does not apply to an oral agreement negotiated through an agent of StubHub. The magistrate decided to deny the motion to stay proceedings pending arbitration.
 {¶ 14} On September 13, 2006, StubHub filed objections to the magistrate's decision. An oral hearing was held on November 7, 2006. The trial court filed its Judgment Entry on December 6, 2006. The judge found no error on the face of the *Page 5 
magistrate's decision, overruled the objections, affirmed and adopted the magistrate's decision, and denied the motion for stay of proceedings. Copies of the judgment entry were not served on the parties until January 10, 2007. StubHub filed its timely appeal on January 25, 2007.
 STANDARD OF REVIEW {¶ 15} The trial court judgment under review denied a motion to stay proceedings pending arbitration. "The denial of a motion to stay proceedings and refer a matter to arbitration is subject to review only for an abuse of discretion." Juhasz v. Costanzo (2001),144 Ohio App.3d 756, 760, 761 N.E.2d 679, citing Harsco Corp. v. Crane Carrier Co.
(1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. An abuse of discretion is more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140.
 ASSIGNMENT OF ERROR {¶ 16} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS PURSUANT TO THE PARTIES [sic] WRITTEN AGREEMENT."
 {¶ 17} Appellant presents two basic arguments under its sole assignment of error. The first argument has two elements: Appellee was bound by an online user agreement because he was required to "click" a box on his computer screen accepting the online user agreement when he signed up with StubHub; and Appellee is bound by the arbitration clause in the user agreement because the arbitration *Page 6 
clause covers all services provided by StubHub, not just online services. In general terms, Appellee does not appear to dispute the first part of StubHub's analysis. Appellee's focus, and our own, involves the interpretation and application of the terms of the user agreement. As we will make clear below, we cannot accept StubHub's interpretation of its user agreement.
 {¶ 18} StubHub also complains that the trial judge used an erroneous standard to review the objections to the magistrate's decision. StubHub contends that the magistrate's decision should have been reviewed de novo, whereas the trial court appears to have used a narrower standard. Although StubHub is correct regarding the standard of review of a magistrate's decision, it is not entirely clear that the trial court failed to apply the correct standard of review. As we will discuss below, the user agreement does not apply to telephone sales initiated by a StubHub agent, and therefore, the trial court's judgment was correct under any standard of review.
 {¶ 19} We note that Appellee has made this appeal more complicated than necessary by attempting to argue some of the substantive issues of its contract dispute. Our review is limited to determining whether a stay of proceedings pending arbitration should have been granted. Since there are only two main issues regarding this requested stay, we will review them in the order in which they appear.
1. Whether the user agreement covers telephone sales. {¶ 20} StubHub argues that Appellee agreed to the terms of its online user agreement when he registered as a member of StubHub's website on March 30, 2005. There is no dispute on this point. StubHub further asserts that the user *Page 7 
agreement contains a binding arbitration clause that states, "any dispute or controversy between us * * * shall be settled by one arbitrator in binding arbitration, to be held in San Francisco, California, U.S.A., under the then-current rules of the American Arbitration Association * * *." (User Agreement, Sec. 14.3.) The parties also do not dispute the terms of the arbitration clause.
 {¶ 21} The main thrust of StubHub's argument is that this user agreement applies to any and all services provided by StubHub to any user who has at any time filled out the online registration form. Appellant's argument, then, revolves around contract interpretation, particularly since the parties agree on the basic facts of the case; Appellee ordered tickets online, cancelled the order, and then an agent of StubHub initiated a second order over the phone. The construction of the terms of a contract is a question of law to be decided by the courts, and is also reviewed de novo on appeal. Lovewell v. PhysiciansIns. Co. of Ohio (1997), 79 Ohio St.3d 143, 144, 679 N.E.2d 1119. The purpose of contract construction is to give effect to the intent of the parties. Foster Wheeler Enviresponse, Inc. v. Franklin Cty. ConventionFacilities Auth. (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519. Generally a court will presume that the intent of the parties resides in the language they employ in the agreement. Graham v. Drydock CoalCo. (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949. The contract should be read as a whole when determining the parties' intent. FosterWheeler, supra, at 361. When reading the contract, common words should be given their ordinary meaning unless this would result in manifest absurdity, or unless some other meaning is clearly evident from the face or overall contents of *Page 8 
the instrument. McConnell v. Hunt Sports Ent. (1999),132 Ohio App.3d 657, 675, 725 N.E.2d 1193.
 {¶ 22} StubHub's online user agreement states in part:
 {¶ 23} "1. How this agreement works.
 {¶ 24} "1.1 Introduction. Welcome to StubHub's online buying and selling community (the `Site'). This User Agreement (`Agreement') lists the terms of the agreement between you (`You') and StubHub, Inc. (`StubHub' or `We' or `Us') for the buying and selling of tickets (Tickets'), and all other services that We provide (the `Services'). By completing the registration process, You agree to accept the terms and conditions of this Agreement and to become a member of this Site.
 {¶ 25} "* * *
 {¶ 26} "2. Who We are and what We do.
 {¶ 27} "2.1 Ticketing Service Provider. StubHub is a web site service that allows members who want to buy tickets (`Buyers') to find members who want to sell the same tickets ("Sellers"). * * *"
 {¶ 28} It appears from these clauses that StubHub is an "online" service and that any user or "member" is agreeing to use this "web site" to buy or sell tickets. A person who agrees to use this website to buy or sell tickets is also agreeing to accept the terms of the agreement, itself. One of the key defined terms is the word "Site." This term is used throughout the user agreement and is crucial to determine the contract's application. The word "Site" refers to an "online buying and selling community." Thus, by repeatedly using the word "Site" throughout the user *Page 9 
agreement, StubHub is repeating to its users that the agreement refers to online activity.
 {¶ 29} It is true as StubHub reiterates that the user agreement also refers to "all other Services we provide," but the word "Services" is defined in a circular manner as "all other services that We provide." There is nothing in the user agreement that specifically extends "Services" to anything outside of online activities, and because the very first line of the agreement limits its scope to "online" activity, it can only be concluded from the clear, defined terms that any "Services" provided are similarly limited. Thus, based on the defined terms in the agreement, the language of the agreement appears to limit itself exclusively to online internet activity.
 {¶ 30} A further provision of the agreement explains the manner in which a buyer makes a purchase:
 {¶ 31} "5.1 Making an Offer. A member who wants to buy a ticket first scans the StubHub database for tickets listed by Sellers that match the Buyer's desired tickets. Once the Buyer finds a matching ticket, the Buyer notifies StubHub with an `offer' that the Buyer is willing to purchase the ticket."
 {¶ 32} There are two aspects of this provision that establish that the user agreement does not apply to the telephone transaction at the core of the dispute in this case. First, it is clear that a "Buyer" must use the internet to scan StubHub's database. This is obviously not something that a "Buyer" can do over the telephone. Second, and more importantly, the user agreement requires orders to be initiated by the "Buyer" through notification to StubHub that an offer is being made by that *Page 10 
"Buyer." There is nothing in this agreement that allows StubHub to initiate the offer (by any means), or to become the "Seller," or to act as the agent of the "Seller." In fact, the user agreement specifically states that StubHub does not act as an agent for its members. (User Agreement, Sec. 14.1.)
 {¶ 33} Appellee acknowledges he engaged in two transactions with StubHub. The first was pursuant to StubHub's rules and regulations. This transaction was completely cancelled and is not at issue, here.
 {¶ 34} The transaction under dispute here was initiated by StubHub, not Appellee. It did not involve Appellee scanning StubHub's database online and then initiating an offer to one of the sellers who list products online with StubHub. The tickets at issue were to be obtained directly by a StubHub agent and were not to be obtained from one of StubHub's "member" users. StubHub admits that Appellee had cancelled his original order and that this clearly was a second transaction that stands on its own. At the November 7, 2006, hearing, StubHub's attorney stated: "StubHub does not dispute that there were multiple transactions. The first transaction was cancelled. We do not dispute that fact. However, the agreement is much broader than that." (11/7/06 Tr., p. 10.) StubHub is depending on a broad, blanket interpretation of the user agreement. Because we have already determined the user agreement is not broad, but by its own terms is limited to "online" and "web site" activity, StubHub's argument is not persuasive.
 {¶ 35} StubHub contends that the online user agreement could and should be interpreted to cover more than online activities. StubHub urges that once a user *Page 11 
agrees to purchase tickets online through the "Site," that person is forever bound by the agreement for any and all transactions with StubHub. This interpretation is based on StubHub's reading of the "Services" language. Essentially, StubHub claims that once a potential buyer attempts to use the website to purchase tickets, all other transactions of any kind between StubHub and the potential buyer can be described as "Services" and must fall under the agreement. Again, this argument is based entirely on the circular definition of "services" found in the agreement and overlooks the qualifying language that limits StubHub's proposed, broad definition: the agreement applies to only "online" activity, or use of the "Site." However, even if we would accept that StubHub's interpretation is one possible interpretation of the agreement's language, at most this would signify that the terms of the agreement are ambiguous. It is well-established that, "where the written contract is standardized and between parties of unequal bargaining power, an ambiguity in the writing will be interpreted strictly against the drafter and in favor of the nondrafting party."Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 13. The user agreement is a contract of adhesion that was written entirely by StubHub. Therefore, any ambiguity in the user agreement must be interpreted in favor of Appellee, and we have already established that the only reasonable interpretation of the user agreement is that it applies only to online purchases and transactions.
 {¶ 36} We must conclude that the user agreement does not apply to a telephone offer initiated by an agent of StubHub, especially when StubHub's agent *Page 12 
was to seek and directly procure tickets from outside its site. The arbitration clause in the user agreement is, therefore, not enforceable.
2. Whether the trial court reviewed the magistrate's decisionimproperly. {¶ 37} StubHub claims that a trial judge must review objections to a magistrate's decision under a de novo standard of review, pursuant to Civ. R. 53(D)(4), which states in pertinent part:
 {¶ 38} "(4) Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.
 {¶ 39} "* * *
 {¶ 40} "(b) Action on magistrate's decision. Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate.
 {¶ 41} "(c) If no objections are filed. If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision.
 {¶ 42} "(d) Action on objections. If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake anindependent review as to the objected matters to ascertain that themagistrate has properly determined the factual issues and appropriatelyapplied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the *Page 13 
party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." (Emphasis added.)
 {¶ 43} Civ. R. 53(D)(4)(d) requires the trial court to make an independent review of the magistrate's decision, which has been called "the equivalent of a de novo determination". Shihab Assoc. Co., L.P.A.v. Ohio Dept. of Transp., 168 Ohio App.3d 405, 2006-Ohio-4456,860 N.E.2d 155, ¶ 13. According to the civil rule, the trial court's independent review consists of ascertaining, "that the magistrate has properly determined the factual issues and appropriately applied the law."
 {¶ 44} StubHub contends that the trial court did not independently review the magistrate's decision, because the court's judgment entry states that it only reviewed the issues "on the face of the Magistrate's Decision." (12/6/06 J.E.). StubHub contends that a review "on its face" is the proper standard of review only if no objections are filed (see Civ. R. 53(D)(4)(c)), but is not a proper method for reviewing objections. StubHub apparently would like the case to be resubmitted to the trial court for a full review of the record before adopting, modifying or rejecting the magistrate's decision.
 {¶ 45} StubHub is correct that there are some distinctions in how a trial court reviews a magistrate's decision depending on whether or not objections have been filed. Whether the trial court ignored this distinction is another matter. A reviewing court will generally presume the correctness and regularity of the lower court proceedings, and there is little indication that the trial court did not review the full record (other than the court's use of the phrase "on the face"). Knapp v.Edwards *Page 14 Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384;Youngstown v. Ortiz, 153 Ohio App.3d 271, 2003-Ohio-2238,793 N.E.2d 498, ¶ 60. Furthermore, it is clear that the trial court could decide this case "on its face" even as part of a de novo and independent review of the magistrate's decision. Given the clear meaning of the terms of the user agreement "on its face", it cannot be used to support StubHub's argument. The trial court correctly interpreted the user agreement and overruled the motion to stay proceedings.
 {¶ 46} In summary, we have found no abuse of discretion in the trial court's judgment. The terms of the StubHub user agreement apply only to online sales initiated by a user of the website, and the sale in question in this case was a telephone sale initiated by an agent of StubHub. Since it is apparent that the user agreement does not apply to the dispute in question, the arbitration clause in the user agreement also does not apply. The judgment of the trial court denying the stay of proceedings pending arbitration was correct and is affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1